UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN C. CHEEKS, et al.,

      Plaintiffs.

v.

FORT MYER CONSTRUCTION
CORPORATION, et al.,

      Defendants.

---

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Fort Myer Construction Corporation

("Fort Myer") hereby files this Notice of Removal and states in support as follows:

I.      INTRODUCTION

      1.     Fort Myer is one of several defendants in a civil action filed in the Superior Court

of the District of Columbia, Case No. 2014 CA 001898B by Plaintiffs John C. Cheeks, Cheeks of

North America ("CNA") and "One or More Plaintiffs Who Were Damaged in Their Business or

Property by the Unlawful Tortious Acts of Defendants Herein."[1]

      2.     This Notice of Removal is filed in the United States District Court for the District

of Columbia, within the time allowed by law for removal of civil actions.

      3.     The United States District Court for the District of Columbia is the district

embracing the place where the state court action is pending.

---

[1] This is Plaintiffs' third iteration of the same manner of claim. Two previous complaints based on the exact same theories were filed in the United States District Court for the District of Columbia and ultimately dismissed based on Fed. R. Civ. P. 12(b)(6). See John C. Cheeks v. Fort Myer Construction Corporation, et, al., Civil Action No. 09-2163(CKK) (Dismissed on June 25, 2011) and Cheeks of North America, et al v. Fort Myer Construction Corporation, Civil Action No. 10-1746 (CKK) (Dismissed on August 16, 2011).

4.     A copy of this Notice of Removal is being contemporaneously filed with the Clerk of the Superior Court of the District of Columbia as required by 28 U.S.C. §1446(d).

5.     The pleadings attached hereto as Composite Exhibit A constitute all of the process and pleadings received by Fort Myer in this action as required by 28 U.S.C. §1446(d).  These pleadings include:  (a) Initial Order and Addendum; (b) Summons; (c) Complaint; (d) Motion to Extend Time for Service of Process and Pending Motion; (e) Statement of Points and Authorities In Support of Motion to Extend Time for Service of Process and Pending Motion; (f) Motion for Leave to Amend Complaint; (g) Points and Authorities in Support of Motion for Leave to Amend Complaint; (h) Motion for Leave to File Under Seal Portions of the First Amended Complaint; (i) Order Granting Motion for Leave to File Under Seal Portions of the First Amended Complaint; (j) Order Granting Motion to Extend Time for Service of Process and Pending Motions; (k) Order Granting Motion for Leave to Amend Complaint.[2]

6.     All defendants in this matter consent to the relief requested by this Notice of Removal.[3]

## II.     REMOVAL IS APPROPRIATE BECAUSE THE UNITED STATES DISTRICT COURT HAS ORIGINAL JURISDICTION OVER THIS MATTER.

A.     Standard for Removal to Federal Court.

7.     A defendant may properly remove a civil action from a state court when the federal district court has original subject matter jurisdiction.  28 U.S.C. §1441(a).

8.     Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331.

---

[2] As of even date, no defendant has received a copy of the First Amended Complaint.
[3] By consenting to and filing this Notice of Removal, none of the defendants in this matter waive any procedural or substantive defenses to the Complaint.

9.     A case arises under federal law if a "well-pleaded complaint establishes . . . that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983).

B.     Analysis of Plaintiffs' Complaint.

10.    The Complaint is divided into eight separate sections, listed and subdivided as follows:

I.     Nature of this Case
II.    Request to Seal Certain Allegations
III.   Jurisdiction of this Court
IV.    The Parties
       a.     Plaintiffs
       b.     Defendants
V.     RICO Claims
VI.    Damages to Plaintiff's Business of Property
       a.     Damages to CNA from two recent contract awards resulting from the racketeering activity.
       b.     Damages to John C. Cheeks.
       c.     Deprivation of Civil Rights by unidentified witnesses herein.
VII.   Equitable and Injunctive Relief
VIII.  Demand for Jury Trial

11.    The Plaintiffs' Complaint is not composed in the traditional sense, with delineated causes of actions or other clearly defined sources of relief.  However, a fair reading of the Complaint reveals that its prayers for relief are principally, if not solely, grounded in alleged violations of federal law, specifically 18 U.S.C. §§ 1961-1968 (Racketeer Influenced and Corrupt Organizations Act); 15 U.S.C. §§1-15 (Sherman Antitrust Act); 15 U.S.C. §§12-27 (Clayton Antitrust Act); and 42 U.S.C. §1981.

12.    While not exhaustive of the totality of references to federal law in the Complaint, the following are the clearest examples of the Plaintiffs' own beliefs of the sources of their entitlement to relief (all of which center on federal law):

3

a.      Paragraph 5: "Defendants are at least four private contractors and their surety Company, their managers, owners, operators also acting for themselves and/or as successors in interest to a number of defunct shell or temporary corporations and organizations. All defendants are, or were, participants in the racketeering enterprise made unlawful by acts described herein pursuant to 18 U.S.C. (sic)."

b.      Paragraph 7: "The allegations herein center upon RICO acts, but also encompass other state law violations." These "other state law violations" are never specifically enumerated.

c.      Paragraph 12 of Section III (Jurisdiction of this Court): "This complaint is brought in the District of Columbia courts under concurrent jurisdiction with the Federal District Court under the well-defined doctrinal base fashioned by the United States Supreme Court in Claflin v. Houseman (1986) 93 U.S. 130, 3 Otto 130 (sic), through Charles Dowd Box Co. v. Courtney (1962) 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed. 2d 483 (sic), to Gulf Offsore (sic) Co. v. Mobil Oil Corp. (1981) 453 U.S. 472, 101 S. Ct. 2870, 69 L.Ed. 784 (sic)."

d.      Paragraph 13 of the "Standing to Sue" subdivision of Section III (Jurisdiction of this Court): "Federal law violations herein damaging plaintiffs are pursuant to 18 U.S.C. §1961, et seq. A private civil action may be maintained by each plaintiff injured in his business of (sic) property pursuant to 18 U.S.C. §1964 (c). Other violations allow redress under 15 U.S.C. §15, for violations of restraint of trade, monopoly, bid rigging/bribery and fraud contained in 15 U.S.C. §§ 1 through 35. The violations are contained in the Clayton Anti-trust (sic) Act, and various provisions of District of Columbia code and common law."

e.      Paragraph 14 of the "Standing to Sue" subdivision of Section III (Jurisdiction of this Court): "This Court also has jurisdiction to hear the merits of Plaintiff's

4

claims because this action arises under the Sherman Antitrust Act 15 U.S.C. § 1 et seq., and

jurisdiction over the related state law claims, which arise out of the same body of facts, is proper

under 28 U.S.C. §1367 and the principles of supplemental jurisdiction.[4]   15 U.S.C. §26 grants the

Court the power to award injunctive relief with respect to private defendants (as here).   Federal

claims (violations of 15 U.S.C.) grant jurisdiction to provide redress over those federal violations

under 28 U.S.C. §1331."

13.      Other references to federal law are found in the following sections of Plaintiffs'

Complaint:

a.      Section V (RICO Claims):  As the title of the section states, this particular

portion of the Complaint (consisting of Paragraphs 18-33), is founded solely on alleged

violations of 18 U.S.C. §§1961-1968, and each paragraph in this section contains either an

explicit or implicit reference to the RICO statutes.

b.      Section VI (Damages to Plaintiff's Business or Property):  Each paragraph

of this section of Plaintiffs' Complaint (consisting of Paragraphs 34-39) refers solely to an

entitlement based on violations of 18 U.S.C. §§1961-1968 (Paragraphs 34-37) or 42 U.S.C.

§1981 (Paragraphs 38-39).  There is one passing reference in Paragraph 36 to "Common law"

(sic), but such "common law" claims are not specifically described.   Nevertheless, to the extent

such "common law" claims exist, they are based on the same operative facts as the federal law

claims and could be heard by this Court pursuant to 28 U.S.C. §1367.

c.      Section VII (Equitable and Injunctive Relief):  Each paragraph of this

section of Plaintiffs' Complaint (consisting of Paragraphs 40-61) refers solely to an entitlement

based on violations of 18 U.S.C. §§1961-1968, 15 U.S.C. §§1-15 or 15 U.S.C. §§12-27.  There is

---

[4] 28 U.S.C. §1367 confers jurisdiction on federal courts to hear related state law matters.  It does not confer
jurisdiction on state courts.

one reference in Paragraph 58 to "outright common law fraud", but that particular allegation is subsumed within other purported federal law violations.

14.     As the foregoing analysis makes clear, the Plaintiffs' Complaint is nearly entirely based on claims arising under federal law.   The Complaint makes no specific reference to violations of any statutes or regulations of the District of Columbia.  Indeed, there are only references to federal statutes and cases in the Complaint.

15.     The only indications in the Complaint of a claim that is not grounded in federal law are passing references to "common law fraud," found within the context of other federal law claims.[5]  However, these claims (to the extent they can be separately classified as such) are based on the same operative facts as the federal law claims.

16.     The federal courts have original jurisdiction over all matters raised in the Complaint, supplemental jurisdiction over any related state law claims referenced in the Complaint, and exclusive jurisdiction over claims arising under the Sherman Antitrust Act and the Clayton Antitrust Act.   Therefore, this matter should be removed to the United States District Court for the District of Columbia pursuant to 28 U.S.C. §1441(a).

III.   **ASSIGNMENT OF CASE TO THE HONORABLE COLLEEN KOLLAR-KOTELLY**

17.     The matters raised in the instant matter are nearly identical to those raised by Plaintiffs in two previous complaints filed in the United States District Court for the District of Columbia. Both of those complaints were heard and ultimately dismissed pursuant to Fed. R. Civ. P. 12(b)(6) by the Honorable Colleen Kollar-Kotelly.  See John C. Cheeks v.  Fort Myer Construction Corporation, et, al., Civil Action No. 09-2163(CKK) (Dismissed on June 25, 2011)

---

[5]Moreover, despite the Complaint being classified as "FRAUD" on the cover page of the Complaint, there is no separate cause of action for fraud in the Complaint.

and <u>Cheeks of North America, et al v. Fort Myer Construction Corporation</u>, Civil Action No. 10-1746 (CKK) (Dismissed on August 16, 2011).

18.     Assigning the case to Judge Kollar-Kotelly would maximize judicial economy. Her familiarity with the Plaintiffs, their peculiar style of pleading, and the underlying, virtually identical facts of this case and the previous cases would facilitate an expeditious resolution to another chapter in this unfortunate saga.

Respectfully submitted,

_____
Christopher A. Coppula
D.C. Bar No. 459269
2237 33rd Street, N.E.
Washington, D.C. 20018
(202) 636-9535 (telephone)
(202) 635-5564 (facsimile)
ccoppula@fortmyer.com

Attorney for Fort Myer Construction Corporation

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY a copy of this Notice of Removal was this ___29TH___ day of ___MAY___, 2014 served via first class mail, postage prepaid on the following:

Walter T. Charlton, Esq.
11213 Angus Way
Woodsboro, MD 21798

Leonard A. White, Esq.
D.C. Bar No. 101717
10319 Westlake Drive, 346
Bethesda, Maryland 20817

Timothy J. Fitzgibbon, Esq.
D.C. Bar No. 370619
Nelson Mullins Riley &
Scarborough, LLP
101 Constitution Ave., N.W.
Washington, D.C. 20001

Douglas A. Datt, Esq.
D.C. Bar No. 410354
Gavett, Datt & Barish, P.C.
Metro Executive Park I
15850 Crabbs Branch Way
Suite 330
Rockville, Maryland  20855-2675

Mr. David H. Bamberger, Esq.
D.C. Bar No. 362285
DLA Piper
500 8th Street, NW
Washington, DC 20004

Mr. Thomas L. Koger, Esq.
D.C. Bar No. 427921
Office of the Attorney General
Civil Litigation Division
441 4th Street, N.W.
Suite 600S
Washington, D.C. 20001

V. David Zvenyach, Esq.
General Counsel
D.C. Bar No. 985329
District of Columbia City Council
1350 Pennsylvania Ave, NW
John A. Wilson Building, Suite 4
Washington, DC 20004

Christopher A. Coppula



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

MAY 1 5 2014

JOHN C. CHEEKS

    Vs.                                  C.A. No.     2014 CA 001898 B

FORT MYER CONSTRUCTION CORPORATION

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to:  Judge MAURICE ROSS
Date:  March 28, 2014
Initial Conference: 9:00 am, Friday, June 27, 2014
Location:  Courtroom 100
           500 Indiana Avenue N.W.
           WASHINGTON, DC  20001



EXHIBIT

A

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



Superior Court of the District of Columbia
CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

JOHN C. CHEEKS ET AL _____ Plaintiff

vs.

FORT MYER CONSTRUCTION CORP

_____ Defendant

Case Number 14-0001898

To the above named Defendant:

## SUMMONS

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

WALTER CHARLTON
Name of Plaintiff's Attorney

11213 ANGUS WAY
Address

WOODSBORO MD 21798

410 571 8764
Telephone
如需翻译,请打电话 (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화하십시요

Clerk of the Court

By _____
Deputy Clerk

Date MAR 28 2014

Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

ኣማርኛ ተርጓሚ ለማግኘት (202) 879-4828 ይደውሉ።

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____    Demandante
contra

_____    Número de Caso: _____
Demandado

Al susodicho Demandado:                    **CITATORIO**

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Nombre del abogado del Demandante:                  SECRETARIO DEL TRIBUNAL

Dirección
                                        Por: _____
                                              Subsecretario
Teléfono
中文翻译,请打电话 (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화하십시오    Fecha _____
                  Veuillez appeler au (202) 879-4828 pour une traduction    Dé có mọt bài dịch, hãy gọi (202) 879-4828
                                    ያስተረጉም ከፈለጉ አማርኛ (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

Si desea converser con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-682-2700) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

# FILED UNDER SEAL OF THE SUPERIOR COURT
## of the District of Columbia

### IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### COMPLAINT

John C. Cheeks, et. al.
1007 Urell Place NE,
Washington, D.C. 20017
     Plaintiff
     and
Cheeks of North America, Inc. ("CNA"), et. al.
1110 6th, Street NW
Washington, D.C. 20001
     Plaintiff
     and
One or More Plaintiffs Who were Damaged in their
Business or Property by the Unlawful Tortious Acts
of Defendants Herein

       V.

     DEFENDANTS

1.) Fort Myer Construction Corporation
    2237 33rd St. N.E.
    Washington, D.C. 20018

2.) Francisco Rodrigues Neto
3.) Jose Rodrigues
4.) Lewis Shrensky
    2237 33rd St. N.E.
    Washington, D.C.. 20018

5.) Anchor Construction Corporation
    2254 25th Place. N.E.
    Washington, D.C. 20018

6.) FIorentino Gregorio
7.) Jose Rodrigues
8.) Cristina R. Gregorio
9.) Francisco Rodrigues Neto
    2254 25th Place. N.E.
    Washington, D.C. 20018

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
) CIVIL ACTION NO.
) Case No:
)
) Assigned To:
)
) Assign Date:
) Description: FRAUD
) IN THE SUPERIOR COURT OF
) THE DISTRICT OF
) COLUMBIA
)
)
)
)
)
)
)
)
)
)
)

14 - 0001898

DEFENDANTS (continued)                            )
                                                  )
10.) Civil Construction, L.L.C.                   )
     2413 Schuster Drive                           )
     Cheverly, MD 20781                            )
                                                  )
11.) Lewis Shrensky                               )
12.) Jose Rodriguez                               )
     2413 Schuster Drive                           )
     Cheverly, MD 20781                            )
                                                  )
13.) Capitol Paving of D.C., Inc.                 )
     2211 Channing St. N.E.                        )
     Washington, D.C. 20018                        )
                                                  )
14.) Francisco R. Neto                            )
     2211 Channing St. N.E.                        )
     Washington, D.C. 20018                        )
                                                  )
15.) Western Surety Company, a Subsidiary         )
     Underwriting Company                          )
     101 South Phillips Avenue                      )
     Sioux Falls, SD 57104                          )
                                                  )
16.) CNA Surety                                   )
     101 South Phillips Avenue                      )
     Sioux Falls, SD 57104                          )
                                                  )
17.) Paul T. Bruflat, Vice President              )
     101 South Phillips Avenue                      )
     Sioux Falls, SD 57104                          )
                                                  )
18.) Serv: Government of the District of Columbia )
     Attorney General                              )
     For the District of Columbia                  )
     441 4th Street, NW, Suite 1145S               )
     Washington, D.C. 20001                        )
                                                  )
19.) Serv: Vincent Gray, Mayor of District of Columbia)
     Executive Office of the Mayor                 )
     1350 Pennsylvania Avenue, NW, Suite 316,      )
     Washington, D.C. 20004                        )
                                                  )
                                                  )
                                                  )
                                                  )

DEFENDANTS (continued)                                )
                                                      )
20.) Department of Small & Local Business             )
       Development                                    )
       441 4th Street, NW, Suite 970N       )
       Washington, D.C. 20001                         )
                                                      )
21.) Robert N. Summers, Director (current)            )
       Department of Small and Local Business         )
       Development                                    )
       441 4th Street, NW, Suite 970N       )
       Washington, D.C. 20001                         )
                                                      )
22.) Harold B. Pettigrew, Jr., Director (former)      )
       Department of Small & Local Business           )
       Development                                    )
       441 4th Street, NW, Suite 970N       )
       Washington, D.C. 20001                         )
                                                      )
23.) Department of Public Works                       )
       Office of Contracting and Procurement          )
       441 4th St. NW, Suite 700S          )
       Washington, D.C. 20001                         )
                                                      )
23) James D. Staton, Jr., Chief Contracting Officer   )
       Department of Public Works                     )
       Office of Contracting and Procurement          )
       441 4th St. NW, Suite 700S          )
       Washington, D.C. 20001                         )
                                                      )
24.) Committee on Transportation and the Environment)
       1350 Pennsylvania Avenue, NW, Suite 108        )
       Washington, D.C. 20004                         )
                                                      )
25.) Phil Mendelson, DC Council Chairman, Period 20   )
       1350 Pennsylvania Avenue, NW, Suite 504,       )
       Washington, D.C. 20004                         )
                                                      )
26.) Mary M. Cheh, Committee Chair (current), Ward 3)
       Councilmember, Period 20                       )
       Committee on Transportation and the Environment)
       1350 Pennsylvania Avenue, NW, Suite 108        )
       Washington, D.C. 20004                         )
                                                      )
27.) Jim Graham, Ward 1 Councilmember, Period 20      )
       Committee on Transportation and the Environment)
       1350 Pennsylvania Avenue, NW, Suite 108        )
       Washington, D.C. 20004                         )
                                                      )

DEFENDANTS (continued)                          )
                                                )
28.) David Grosso, Councilmember At-Large,      )
      Period 20                                 )
      1350 Pennsylvania A venue, NW, Suite 406,  )
      Washington, D.C. 20004                     )
                                                )
29.) Kenyan McDuffie, Ward 5 Councilmember,     )
      Period 20                                 )
      1350 Pennsylvania Avenue, NW, Suite 506,  )
      Washington, D.C. 20004                    )
                                                )
30.) Tommy Wells, Ward 6 Councilmember          )
      1350 Pennsylvania Avenue, NW, Suite 316,  )
      Washington, D.C. 20004                    )
                                                )
                                                )
_____)

# COMPLAINT

## I. Nature of this Case

1. This is an action by plaintiffs consisting of a private corporation, Cheeks of North America, Inc.,

    with its principal business location in the District of Columbia, its owner, John C. Cheeks, a

    resident of the District of Columbia, and other persons injured in their business or property by acts

    of the racketeering enterprise and others conspiring and acting in concert with the RICO

    enterprise.

2. Defendants, consisting of private corporations, employees and officers of those private

    corporations are persons who owned operated and managed the principal beneficiaries of the

    unlawful acts alleged herein consisting of the RICO acts.

3. Other defendants herein were employees and elected officials of the District of Columbia

    Government who were, and in some instances still are being suborned in their lawful duties by

    bribery, favoritism, election law violations, and in at least some instances their counsel who have

    acted in violation of RICO law, and in violation of the general common law of the District of

    Columbia prohibiting fraud, bribery racketeering, intimidation and acts of violence against

    prospective witnesses, to include John C. Cheeks and other unnamed plaintiffs herein.

4. . Defendants have created and operated "a racketeering enterprise" as defined by RICO (18 U.S.C. § 1961 et seq).

5. Defendants are at least four private contractors and their surety Company, their managers, owners, operators also acting for themselves and/or as successors in interest to a number of defunct shell or temporary corporations and organizations. All defendant are, or were, participants in the racketeering enterprise made unlawful by acts described herein pursuant to 18 U.S.C.

6. The time frame of the pattern and practices of racketeering span at least 15 years. The lead plaintiff in this case has observed these racketterming actions in operation since about 2002. The acts complained of continue to this date, to the knowledge of plaintiffs herein, unabated.

7. The allegations herein center upon RICO acts, but also encompass other state law violations. The RICO acts alleged include threats of intimidation or death, actions injuring business, professions or property, attempted injusty to plaintiffs and witnessea, and bribery of public officials and workers. Other federal and state law violations are alleged, to include fraud, alterations of documents, a conspiracy with joint bidding, filing of false bid documents alleging non-colusion where actual collusion exists, and bid rigging.

8. Plaintiffs Cheeks and Cheeks of North America, Inc (CNA) allege damages in two recent infra-structure bidding prooocesses wherein, CNA was the low bidder, CNA had the capacity to perform the contracts, with arranged financing and sub-contractors of substance, but nevertheless were denied the contracts by bribery and bid-rigging.

9. Other complainants have been denied constitutional property and civil rights by conspiracies arranged and carried out by co-conspirators designed to obstruct the process of justice.

10. The enterprise interferred with the election process through surrogates, designed to thwart and obstruct a fair and honest election of plaintiff John C. Cheeks herein.

## II.  Request to Seal Certain Allegations

11. During the extended period of time herein involved, plaintiffs herein have from time to time and continually received the protection aid and assistence of various undercover agents of the governmental agencies herein involved.  This aspect of this case may not be disclosed for reasons involving the personal security of persons herein involved in each such instance.  For this reason, parts of this complaint are filed under seal of this Court.

## III.  Jurisdiction of this Court

12. This complaint is brought in the District of Columbia Courts under concurrent jurisdiction with the Federal District Court under the well-defined doctrinal base fashioned by the United States Supeme Court in Claflin v. Houseman (1986) 93 U.S. 130, 3 Otto 130, through Charles Dowd Box Co. v. Courtney (1962) 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483, to Gulf Offsore Co. v. Mobil Oil Corp. (1981) 453 U.S. 473, 101 S.Ct. 2870, 69 L.Ed 2d. 784.

**Standing To Sue**

13. Federal law violations herein damaging plaintiffs are pursuant to 18 U.S. C. § 1961, et seq.  A private civil action may be maintained by each plaintiff injured in his business of property pursuant to 18 U.S.C. § 1964 ( c).  Other violations allow redress under 15 U.S.C. § 15, for violations of restraint of trade, monopoly, bid rigging/bribery and fraud contained in 15 U.S.C. §§ 1 through 35. The violations are contained in the Clayton Anti-trust Act, and various provisions of District of Columbia code and common law.

14. This Court also has jurisdiction to hear the merits of Plaintiff's claims because this action arises under the Sherman Antitrust Act 15 U.S.C § 1 et seq., and jurisdiction over the related state law claims, which arise out of the same body of facts, is proper under 28 U.S.C. §1367 and the

principles of supplemental jurisdiction. 15 U.S.C. §26 grants the Court the power to award injunctive relief with respect to private defendants (as here). Federal claims (violations of 15 U.S.C.) grant jurisdiction to provide redress over those federal violations under 28 U.S.C. §1331.

## IV. The Parties

### a. Plaintiffs:

15. John C. Cheeks, is the principal owner of cheeks of North America, Inc.(CNA). CNA is and has been since about 2002, a District of Columbia Corporation engaged in contracting for what is known as infrastructure contracts, sidewalks, roads, and concrete construction in the District of Columbia.

16. As a result of the RICO violations alleged herein by the racketeering enterprise the District of Columbia Government thru its suborned employees, following the same pattern and practice of preferential treatment as a result of bid rigging and bribery failed to award solicitation offer and In prior complaints filed in the United States District Court for the District of Columbia CNA alleged a collusive conspiracy in violation of the Sherman act whereby CNA was deprived of awards of contracts.

17. The unidentified witnesses are persons who have retained undersigned counsel complaining about racketeering activity similar to or related to the acts complained about by CNA herein, who seek relief available to them under RICO activities having the same factual underpinnings.

### b. Defendants:

18. Three of the Four corporate defendant's form the backbone of the racketeering enterprise are infrastructure contractors in direct competition with CNA. The four contractor defendant corporations are alleged to have interlocking directorates and managers, on information and belief,

primarily from the same family and in-laws.  Plaintiffs allege that, contrary to sworn affidavits in

each of the contract award situations, collusion and cooperative bidding occurred as a consistent

racketeering practice utilizing false documents and false swearing to the effect that bidding was

competitive when in fact it was not. (Exhibits C and D are sealed documents which constitute the

allegations of witnesses and investigative counsel who have personal knowledge of the allegations

of plaintiffs in this case for which disclosure, in the judgment of counsel, would create a likelyhood

of reprisal involving serious bodily harm, at the very least.  In addition, the disclosure of additional

facts would compromise ongoing undercover allegations known to be related to recent criminal

investigations by governmental authorities.  Exhibits C and D are incorporated by this reference but

redacted from the filing under seal).

19.  An investigation by CNA has disclosed that for many years the preparation of bids has been

accomplished on a joint basis, with discussions amongst bidders preceding the submission of

coordinated bids.  This practice was camouflaged by false affidavits to the effect that the document

was separate and apart from any other bidder.

17. The fifth and sixth corporate entities, CNA surety and its subsidiary, Western surety company

(the insurance companies) have for many years furnished bid bonds for virtually all of the contracts

awarded in the District of Columbia.  Based upon information contained in the bid bond

applications, and investigative procedures, which would be appropriate under the circumstances of

this case, plaintiffs allege that the insurance companies actually knew or should have known of the

racketeering collaboration, interlocking directorates and management, and bribery, which has

become rampant in the District of Columbia at this time.

## V.  RICO Claims

18. Each of the plaintiffs has suffered damages to their business or property resulting from the

activities of the racketeering enterprise formed by corporate contractors their insurance companies and activities of their managers and owners. See demands for relief herewith for the magnitude of such damages. See Exhibits C and D under seal for details of the damages suffered.

19. Those racketeering activities prevented some innocent District of Columbia officials and employees from attempting to faithfully carry out their tasks. For example, sometimes innocent victims of the racketeering activities (as for example whistle blowers who receipt who were fired because they had disclosed illegal activities) discovered violations, and were promptly fired.

20. Those racketeering activities also resulted in bribery to some officials, and allegedly upon occasion favoritism to lower ranking employees. all of which activity was contrary to the intent of RICO to stamp out organized crime as affecting the integrity of governmental operations.

21. CNA initially lost about five large contracts to the racketeering process when it was a bona-fide low bidder.

22. Recently, CNA has been the bona-fide low bidder on two more contracts, Exhibits A and B, hereto, had arranged for financing and cash bid bonds, but nevertheless we was wrongfully excluded in favor of the colluding companies.

23. CNA suffered a loss of profits on these final two contracts in addition to the losses created from the failure to award the initial approximately 8 contracts contained in prior complaints. The pattern of racketeering that thereby damaged CNA's property rights and business began shortly after 2002, and continues to this date, unabated.

### Death Threats and Witness Intimidation

24. Plaintiff, John C. Cheeks (Cheeks), has received death threats for completion with his quest to obtain contracts also sought by the rack and racketeering enterprise. John C. Cheeks, has been saved from severe physical harm on at least two occasions by intervention of the undercover agents

assigned to ensure his safety for the past several years. On three occasions, wheels on the motor vehicles he was driving detached due to sabotage. In the second such occasion, which caused damage to the bus. He was driving cheeks was fired by his employer thereby, damaging his property and business by cessation of earnings.

25. Further results of Cheeks investigation and information is contained in his Affidavit (Exhibit C, hereto) is filed under seal by separate motion to protect innocent parties and witnesses.

        **For Paragraphs 26 through 31, See Exhibit D hereto Document Filed Under Seal:**

32. Finally, John C Cheeks alleges that agents of the racketeering enterprise used false documents and false information to sabotage a bona fide effort in the election of 2012, whereby he was running for public office. Cheeks, sought that office in an attempt to counter the fraud and corruption of which he was personally aware.

33. On information and belief, false and misleading information was provided by representatives of the racketeering enterprise to mislead the election officials. That fraudulent effort was successful. Those efforts have been directly linked the three corporate entity defendants' herein.

                    **VI. Damages to Plaintiff's Business or Property**

**a. Damages to CNA from two recent contract awards resulting from the racketeering activity.**

34. As a result of the RICO violations alleged herein by the racketeering enterprise the District of Columbia Government thru its suborned employees, following the same pattern and practice of preferential treatment as a result of bid rigging and bribery failed to award solicitation offer and award No. DCKA - 2013-B-0007 in the amount of $22,295,955. with an opening date of March 25, 2013. CNA's loss of potential proffit and overhead at the estimated rate of 10% was $2,229,593. (See Exhibit A Page 2).

35. As a result of the RICO violations alleged herein by the racketeering enterprise the District of

Columbia Government thru its suborned employees, following the same pattern and practice of preferential treatment as a result of bid rigging and bribery failed to award solicitation offer and DCKA-2013-B-0029 in the amount of $38,633,990. the award of profits and overhead at the estimate $3,863,399. (See Exhibit B Page 2).

36. CNA suffered losses and damage resulting from the racketeering activity on these two combined contract totalling about 42,000,000. dollars.  Accordingly, in the relief section of this complaint CNA hereby demands tripple damages of the sum of $42,000,000. dollars or such other amount awarded by the Court or a jury  $6,092,992.  Plaintiff also demands tripple damages as allowed by the statute cost and attorney's fees.  CNA demands damages representing violations of the Statutes and Common law, including tortious conduct of defendants herein except the District of Columbia, in the sum of not less than $ 25 million dollars, or such other sum as is awarded by a Court or the Jury herein.  Plaintiff CNA also demands punative damages to the extent such damages are awardable under existing law of the District of Columbia, consisting of both nominal, actual punative and exemplary damages which shall deter such unlawful acts as found to have occurred herein, under the laws of the United States of America and/or the statues and common law of the District of Columbia..

37.  Plaintiff CNA demands the nominal sum of $ 150 against the District of Columbia Government.

**b. Damages to John C. Cheeks**

38. John C. Cheeks personnally has suffered death threats, intimidation, and personal humiliation resulting in stress and emotional harm.  He has also suffered a deprivation of Civil Rights in fair resolutions of his quest during prior elections for all of these above matters Cheeks seeks monatary damages in an amount sufficient to grant relief for the tortuous conduct of the racketeering enterprise and the individuals therein that aided and abetted these unlawful activities.

-11-

c. Deprivation of Civil Rights by unidentified witnesses herein.

39. Witnesses who have come forward have suffered intimidation, fear and threats on their lives and other damages amounting to intentional deprivation of Civil Rights and obstruction of justice which are unlawful under the Constituion of the United States, 42 U.S.C §1981 et seq., and other federal laws hereby demand equitable relief and also the sum of damages suffered against the racketeering defendants herein the sum of $25 million, with punative or exemplary damages, or such other sum as is determined to be just by the Court or a jury.

### VII. Equitable and Injunctive Relief

40. The racketeering enterprises, coupled with the monopoly achieved by the racketeering enterprises have resulted in an essential short circuiting of the entire infrastructure contracting process and awards of such contracts in the District of Columbia. An interegal part of the malfunctions by which these plaintiffs and indeed the public at large has been defrauded could not have been achieved without the participation of the insurance companies who represent, on information and belief, the largest insurance complany conglomerate in North America. Following a finding by a court or a jury of liability in this case it is apparent that injunctive relief in the form of supervisory control by the court during a period of reconstruction is required. Accordingly, plaintiffs demand that this court assume equitable jurisdiction and pursuant to that jurisdiciton trial before a jury be held with a determination of the persons and enterterprises liable. And that following such determination, the court take such additional steps to remedy the abhorant situation described herein.

41. Plaintiffs' request that they each be made whole including injunctive relief because monatary damages alone are insufficient to remedy the harms herein alleged.

42. The Five defendant corporations have acted in concert, as one bidding unit, while utilizing

consistently false documentation maintaining the illusion that they were independent contractors. To that end they have all falsely filed one or more "affidavits of non-collusion" with the Government of the District of Columbia (DC).

43. At all relevant times the insurance companies knew or should have known of virtually all of the facts relevant to the unlawful acts alleged to have been committed herein. As a regulated licensed financial insurer of great expertise, they had a duty to refrain from aiding and abetting the acts alleged herein.

44. The five colluding corporations at all relevant times hereto, and before, maintained and carried out a scheme of interlocking corporate officers, owners and directors.

45. The racketeering enterprise was aided and abetted by the actions of the insurance companies herein involved. Each of the named employees, managers, officers, or owners of the participating entities also aided and abetted in furtherance of the racketeering enterprise resulting in various harms to the plaintiffs herein, their business and their property.

46. The insurance company, and its officers and employees herein named, and those not yet identified, knew or should have known that by their failure to disclose the subornation of public employees and public trust, that they were actively participants in a fraudulent scheme and racketeering conspiracy in violation of both RICO and the Sherman Antitrust Act.

47. Western and its furnished the "Bid Bond" for each of the 5 contracts for all of the four colluding co-defendant construction corporations herein. Western has admitted it knew that the four conspiring corporations were affiliated, and those defendants had interlocking directorates and officers. It thereby acted to facilitate the fraudulent collusion, a clear violation of 15 U.S.C. § 1.

48. Further, Western was in privity with each of the four contracting companies in that it had actual knowledge, via application forms furnished to it, of the interlocking nature of their Boards of

Directors, and officers.

49. Western also was aware, or should have been aware, that each of the four purportedly competing

bidders were in violation of 15 U.S.C.  Western knew this by reason of actual knowledge of both of

Western's officers.

50. Defendant Western knew that deception of the District of Columbia was occurring in the fact of the

purported competitive bids which were being made by the same interlocking group.  Western also

had actual knowledge through the acts of its own officer that the non-competitive affidavits by the

four contracting companies were false.

51. Western knew that its common servicing of their surety needs resulted in an unlawful collusion

were contrary to the sworn anti-collusion requirements of District of Columbia procedures and

Title 15, constituting an unlawful restraint of trade.  The false swearing, and the restraint(s) of trade

which occurred would not have been possible, but for the actions of Western.

52. Paul T. Bruflat, was at all relevant times the Senior Vice President of Western in charge of the five

unlawful bids.  He was the individual at Western charged with the knowledge and responsibility of

the anti-collusion.  Mr. Bruflat is the individual named in his personal capacity as knowingly aiding

and abetting the unlawful acts which occurred in the instances of the five contracts.  Mr. Bruflat is

also a principal defendant in that the 5 contracts, which are the 5 immediate subjects of the

complaint, could not have been executed and awarded to the defendants without the unlawful

actions committed by Mr. Bluflat.

53. The plaintiff was the low bidder on four of the five subject contracts, and was also a minority-

owned contractor.  On information and belief, none of the four contractor defendants are in fact

minority owned, although each of the four contractor defendants is registered as qualified for

special favorable treatment in the bidding process.

-14-

54. Because of cooperation/collusion by the contract overseers and supervisors in the DC government, the contracts were steered to the corporate contractor defendants, and awards were uniformly made to them despite the fact that they, <u>in at least these four instances</u>, were not the low bidder.

55. Jointly and severally all Defendants listed in this Complaint injured Plaintiff Cheeks of North America, Inc. by denying the Plaintiff Cheeks of North America, Inc. (CNA) the opportunity to obttain these five contracts as the low bidder, and later compete, earn profits and grow as a company.

56. CNA has also been injured in being excluded from the continuing bidding process.

57.    The public was damaged by these unlawful actions by paying an artificial and inflated price for the services and goods received.  The plaintiff was damaged by failure of the bidding process to function and denial of contracts to which CNA was entitled under any fair standard of measure.

58. Because of the unlawful acts in violation of 15 U.S.C. and the instances of outright common law fraud, the contract awards in these four instances should be declared void ab initio, as in violation of federal law.

59. In this circumstance, plaintiff submits that extraordinary relief is appropriate in the cancellation of five (5) contracts as unlawful.

60.    Injunctive and mandamus relief should be granted, with re-awarding those contracts to CNA in light of the obvious breakdown in the District of Columbia bidding process.

61.    Plaintiff requests that the court exercise its plenary authority as deemed appropriate in correcting the unlawful actions of the defendants to conform to the restraints of civil and criminal law herein applicable.

## VIII.  Demand for Jury Trial

62. A jury trial on these matters is requested.  And in addition equitable relief for such relief as is required to make each plaintiff's whole and remedy equitable considerations as is necessary.

Respectfully submitted,

/S/Charltonw 2428

Walter T. Charlton, Esq., D.C. Bar No.   186940
Attorney at Law, Counsel for the Plaintiff
11213 Angus Way
Woodsboro, MD  21798
410-571-8764
charltonwt@comcast.net

# SOLICITATION, OFFER, AND AWARD

City-Wide Alley Restoration

| | Page of Pages |
|---|---|
| 1 | 135 |

| 2. Contract Number | 3. Solicitation Number: | 4. Type of Solicitation | 5. Date Issued | 6. Type of Market |
|---|---|---|---|---|
| | DCKA-2013-B-0007 | X Sealed Bid (IFB) <br> Sealed Proposals (RFP) <br> Sole Source <br> Emergency | 02/11/13 | X Open <br> Set Aside <br> Open Market with Set-Aside <br> SEE Designated Category |

| 7. Issued By: | 8. Address Offer to: |
|---|---|
| District Department of Transportation <br> Contract Compliance division <br> 55 M Street, SE, suite 760 <br> Washington, D.C. 20003 | District Department of Transportation <br> Bid Room <br> 55 M Street, SE, 4th floor <br> Washington, D.C. 20003 <br> Attn: Joyce Timmons |

NOTE: In sealed bid solicitations "offer" and "offeror" means "bid" and "bidder"

## SOLICITATION

9. Sealed offers in original and __2__ copies for furnishing the supplies or services in the Schedule will be received at the place specified in Item 8, or if hand carried to the bid counter located at __4th floor Bid Rm. 55 M STREET, SE__ until __2:00 p.m.__ (hour) local time __March 11, 2013__ (Date)

CAUTION: Late Submissions, Modifications and Withdrawals: See 27 DCMR chapters 15 & 16 as applicable. All offers are subject to all terms & conditions contained in this solicitation.

| 10. For Information Contact | A. Name | B. Telephone | | C. E-mail Address |
|---|---|---|---|---|
| | Kirk Benson | (Area Code) 202 (Number) 671-2268 | (Ext) | kirk.benson@dc.gov |

### 11. Table of Contents

| (X) | Section | Description | Page No. | (X) | Section | Description | Page No. |
|---|---|---|---|---|---|---|---|
| | | PART I - THE SCHEDULE | | | | PART II CONTRACT COLAUSES | |
| X | A | Solicitation/Contract Form | 1 | X | I | Contract Clauses | 129 |
| X | B | Supplies or Services and Price/Cost | 2 | | | PART III - LIST OF DOCUMENTS, EXHIBITS AND OTHER ATTACHMENTS | |
| X | C | Specifications/Work Statement | 75 | X | J | List of Attachments | 135 |
| X | D | Packaging and Marking | 115 | | | PART IV - REPRESENTATIONS AND INSTRUCTIONS | |
| X | E | Inspection and Acceptance | 116 | | | Representations, certifications and other | |
| X | F | Deliveries or Performance | 117 | X | K | statements of offerors | |
| X | G | Contract Administration Data | 118 | X | L | Instructions, conditions & notices to offerors | |
| X | H | Special Contract Requirements | 123 | X | M | Evaluation factors for award | |

## OFFER

12. In compliance with the above, the undersigned agrees, if this offer is accepted within __120__ calendar days from the date for receipt of offers specified above, to furnish any or all items upon which prices are offered at the price set opposite each item, delivered at the designated point(s), within the time specified herein.

| 13. Discount for Prompt Payment | 10 Calendar days % | 20 Calendar days % | 30 Calendar days % | Calendar days % |
|---|---|---|---|---|
| | | | | |

| 14. Acknowledgement of Amendments (The offeror acknowledges receipt of amendments to the SOLICITATION): | Amendment Number | Date | Amendment Number | Date |
|---|---|---|---|---|
| | | | | |

| 15A. Name and Address of Offeror | 16. Name and Title of Person Authorized to Sign Offer/Contract |
|---|---|
| | |

| 15B. Telephone (Area Code) (Number) (Ext) | 15 C. Check if remittance address is different from above - Refer to Section G | 17. Signature | 18. Offer Date |
|---|---|---|---|
| | | | |

## AWARD (TO BE COMPLETED BY GOVERNMENT)

| 19. Accepted as to Items Numbered | 20. Amount | 21. Accounting and Appropriation |
|---|---|---|
| | | |

| 22. Name of Contracting Officer (Type or Print) <br> Courtney Lattimore | 23. Signature of Contracting Officer (District of Columbia) | 24. Award Date |
|---|---|---|
| | | |

Government of the District of Columbia    Office of Contracting & Procurement

DC OCP-209(11-2004)

ATTACHMENT A

GOVERNMENT OF THE DISTRICT OF COLUMBIA
OFFICE OF CONTRACTING AND PROCUREMENT
CONSTRUCTION AND SUPPLY/SERVICES PROJECTS
BID TABULATION SHEET

| DESCRIPTION OF WORK | CLIT WEIR ALLEY RESTORATION | OPEN MARKET ☑ SHELTERED MARKET ☐ PAY ZONE ☐ FAX ☐ |
|---|---|---|
| SOLICITATION NO. | DCKA-2013-B-0007 | BID DATE 3/14/2013 | OPENING DATE 3/25/2013 |

| LINE NO. | NAME OF OFFEROR AND ADDRESS | MBOC CERT ATTACHED | ALL ADDENDA ACKNOWL | ONE PAGE CERT ATTACHED | | | | TOTAL | BID/SPEC GUAR | BID RECEIVED | ADDENDA | REMARKS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Fort Meyer Construction 2237 33rd St NE Wash DC 20018 | 3 ack | | | | | | 19,963,803.60 | | | | Bid Bond attached |
| 2 | M. Meyer 2237 33rd St NE Washington DC 20018 | 3 ack | | | | | | 21,471,044.80 | | | | Bid Bond attached |
| 3 | Capitol Paving DC Inc 2535 Fenwick St NE Washington DC 20018 | 3 ack | | | | | | 20,353,889 | | | | Bid Bond attached |
| 4 | CNA 810 John Crowd Dr 20051 | 3 ack | | | | | | 23,856,455 | | | | Bid Bond attached |

I CERTIFY THAT I HAVE READ AND RECORDED ON THIS TABULATION SHEET (and continuation sheets if any) ALL OFFERS RECEIVED IN RESPONSE TO THIS INVITATION.

| SOLICITATION, OFFER, AND AWARD | | 1. Caption FY-2013 Local Sidewalk Restoration Citywide | | | | Page of Pages 1 | 184 |
|---|---|---|---|---|---|---|---|
| 2. Contract Number | 3. Solicitation Number | 4. Type of Solicitation X Sealed Bid (IFB) Sealed Proposals (RFP) Sole Source Other Emergency | | 5. Date Issued | 6. Type of Market X Open Set Aside Open with Sub-Contracting Set Aside | | |
| DCKA-2013-C-0029 | DCKA-2013-B-0029 | | | 11-Mar-13 | | | |

| 7. Issued By | 8. Address Offer to |
|---|---|
| Office of Contracting and Procurement Roadways and Highway 55 M Street SE, 7th Floor Washington, DC 20003 | Office of Contracting and Procurement Department of Transportation 55 M Street SE, 4th Floor Washington DC 20003 |

NOTE: In sealed bid solicitations "offer" and "offeror" means "bid" and "bidder"

## SOLICITATION

9. Sealed offers in original and ____ 1 ____ copies for furnishing the supplies or services in the Schedule will be received at the place specified in item 8, or if hand carried to the

bid counter located at **55 M Street SE, 4th Floor** until **18-Mar-13** local time **2:00 p.m.**
(Hour) (Date)

CAUTION: Late Submissions, Modifications and Withdrawals: See 27 DCMR chapters 15 & 16 as applicable. All offers are subject to all terms & conditions contained in this solicitation.

| 10. For Information Contact | A. Name | B. Telephone | | | C. E-mail Address |
|---|---|---|---|---|---|
| | | (Area Code) | (Number) | (Ext) | |
| | Josephine Barrett-White | 202 | 671-2287 | | josephine.barrett-white@dc.gov |

### 11. Table of Contents

| (X) | Section | Description | Page No. | (X) | Section | Description | Page No. |
|---|---|---|---|---|---|---|---|
| | | PART I - THE SCHEDULE | | | | PART II - CONTRACT CLAUSES | |
| X | A | Solicitation/Contract Form | 1 | X | I | Contract Clauses | 158 |
| X | B | Supplies or Services and Price/Cost | 2 | | | PART III - LIST OF DOCUMENTS, EXHIBITS AND OTHER ATTACHMENTS | |
| X | C | Specifications/Work Statement | 105 | X | J | List of Attachments | 166 |
| X | D | Packaging and Marking | 141 | | | PART IV - REPRESENTATIONS AND INSTRUCTIONS | |
| X | E | Inspection and Acceptance | 142 | | | Representations, certifications and other | |
| X | F | Deliveries or Performance | 143 | X | K | statements of offerors | 167 |
| X | G | Contract Administration Data | 145 | X | L | Instructions, conditions & notices to offerors | 177 |
| X | H | Special Contract Requirements | 150 | X | M | Evaluation factors for award | 155 |

## OFFER

12. In compliance with the above, the undersigned agrees, if this offer is accepted within ____ calendar days from the date for receipt of offers specified above, to furnish any or all items upon which prices are offered at the price set opposite each item, delivered at the designated points, within the time specified herein.

| 13. Discount for Prompt Payment | 10 Calendar days % | 20 Calendar days % | 30 Calendar days % | Calendar days % |
|---|---|---|---|---|

| 14. Acknowledgement of Amendments (The offeror acknowledges receipt of amendments to the SOLICITATION). | Amendment Number | Date | Amendment Number | Date |
|---|---|---|---|---|

| 15A. Name and Address of Offeror | | | 16. Name and Title of Person Authorized to Sign Offer/Contract |
|---|---|---|---|
| 15B. Telephone | | | |
| (Area Code) (Number) (Ext) | 15C. Check if remittance address is different from above - Refer to Section G | 17. Signature | 18. Offer Date |

## AWARD (TO BE COMPLETED BY GOVERNMENT)

| 19. Accepted as to Items Numbered | 20. Amount | 21. Accounting and Appropriation |
|---|---|---|

| 22. Name of Contracting Officer (Type or Print) | 23. Signature of Contracting Officer (Name of Country) | 24. Award Date |
|---|---|---|

Government of the District of Columbia          Office of Contracting & Procurement

*ATTACHMENT B*

GOVERNMENT OF THE DISTRICT OF COLUMBIA
OFFICE OF CONTRACTING AND PROCUREMENT
CONSTRUCTION AND SUPPLYS/SERVICES PROJECTS

BID TABULATION SHEET

ATTACHMENT
1

| ITEM NO. | NAME OF ADDRESS AND ADDRESS | | | | | | | REMARKS |
|---|---|---|---|---|---|---|---|---|
| 1 | | | $41,129,887.50 | | | | | Bid Bond (attached) |
| 2 | | | $41,630,945.00 | | | | | Bid Bond attached |
| 3 | | | $40,243,832.50 | | | | | |
| 4 | | | $36,633,990.00 | | | | | |

I CERTIFY THAT I HAVE READ AND RECORDED ON THIS TABULATION SHEET (and continuation sheet if any) ALL OFFERS RECEIVED IN RESPONSE TO THE INVITATION.

MAY 1 5 2014

## *In the Superior Court of the District of Columbia*

| | | |
|---|---|---|
| Cheeks of North America, Inc (CNA), et al | ) | |
| V. | ) | CIVIL ACTION #14-1898 (MR) |
| Fort Myer Construction Corporation, et al | ) | |
| | ) | |

### Motion to Extend Time for Service of Process and Pending Motion

Plaintiffs herein file herewith Motions for Leave to File a First Amended Complaint,

pursuant to instructions from the Office of the Clerk in this complex case, and have done so.

Also accompanying the complaint is a motion to partially seal the complaint to aid in the security

of witnesses and parties.  In accomplishing these tasks, and serve approximately 40 defendants,

additional time to perfect service of process is necessary.

Accordingly, plaintiffs request an extension of time to serve all defendants to June 16,

2014 is hereby requested.

Respectfully submitted,

Charlton W 2428
Walter T. Charlton, D.C. Bar # 186940
11213 Angus Way, Woodsboro, Md., 21798
213 Morgan St., N.W., Washington, D.C., 20001
Telephone 410 571 8764,
email charltonwt@concast.net

1

*In the Superior Court of the District of Columbia*

| | |
|---|---|
| Cheeks of North America, Inc (CNA), et al | ) |
| V. | ) CIVIL ACTION #14-1898 (MR) |
| Fort Myer Construction Corporation, et al | ) |
| | ) |

### Statement of Points and Authorities In Support of
### Motion to Extend Time for Service of Process and Pending Motion

1. The First Amended Complaint contains multiple defendants for which service difficulties are anticipated.  See Accompanying Proposed First Amended Complaint.

2. The additional time requested is made in light of the Court's initial scheduling order which sets a hearing for June 27, 2014.

3. No party will be substantially prejudiced by the extension requested.

Premises considered, the extension of time for service of process is requested to be extended to June 16, 2014.

Respectfully submitted,

Charlton W 2428
Walter T. Charlton, D.C. Bar # 186940
11213 Angus Way, Woodsboro, Md., 21798
213 Morgan St., N.W., Washington, D.C., 20001
Telephone 410 571 8764,
email charltonwt@concast.net

### CERTIFICATE OF SERVICE

I hereby certify that I served, by First Class Mail, postage prepaid, upon each of the named defendants in this case, a copy of this Motion and the Points and Authorities consisting of the First Amended Complaint in this case, on the 1 3 day of May, 2014.

/s/ Charlton W 2428
Walter T. Charlton

1

## *In the Superior Court of the District of Columbia*

Cheeks of North America, Inc (CNA), et al           )
                        V.                           )   CIVIL ACTION #14-1898 (MR)
Fort Myer Construction Corporation, et al            )
                                                     )

### Proposed Order

Upon consideration of plaintiffs Motion to Extend time for service of process and

pending motions herein, and it appearing that the complexities warrant an extension for service

of process, now therefore, all pending motions, and the proposed First Amended Complaint,

along with the original complaint filed shall be timely when served up to and including June 16,

2014.

_____
Judge

## *In the Superior Court of the District of Columbia*

Cheeks of North America, Inc (CNA), et al )
V. ) CIVIL ACTION #14-1898 (MR)
Fort Myer Construction Corporation, et al )
)

### Motion for Leave to Amend Complaint

Plaintiffs herein have received instructions from the Office of the Clerk, to correct the form of the caption, and to serve each of the multiple defendants separately in each of their several capacities, i.e. President of alleged co-conspirator # 1, Board Member of alleged co-conspirator # 2, owner of co-conspirator # 4, etc. The First Amended Complaint, attached hereto, along with Exhibits (particularly Exhibits C and D) has been prepared in accordance with that form and instruction.

Plaintiffs have also been instructed NOT to file the proposed First Amended Complaint as the a part of the points and authorities in support of this Motion. And to file it in paper form once the Court has authorized the filing of the Amended Complaint. The proposed first amended complaint, updated for information relevant, is therefore available immediately upon leave of Court to file being granted. Plaintiffs propose that a separate Service of Process shall be made on each defendant in each separate capacity as instructed immediately after the Court approves the amended filing.

Wherefore, premises considered, plaintiffs respectfully request that this motion be granted. Immediately thereafter, the paper copy of the First Amended Complaint shall be filed. and that Service of process shall include this Motion and all prior filings as per the Certificate of Service, and both complaints. Summons and service will be accomplished as soon as possible

1

## In the Superior Court of the District of Columbia

Cheeks of North America, Inc (CNA), et al )
              V. ) CIVIL ACTION #14-1898 (MR)
Fort Myer Construction Corporation, et al )
               )

### Points and Authorities in Support of
### Motion for Leave to Amend Complaint

1. The explanations for need to file a first amended complaint are contained directly above in the body of this Motion for Leave to Amend.

2. The proposed First Amended Complaint is being held, in paper form as directed by the Court.

3. It is plaintiffs understanding that as soon as leave to file is granted, the First Amended Complaint will be filed in paper form (and otherwise as directed by the Court) and served upon each defendant herein along with all other filings in the case, including the original complaint.

4. Sealed materials will not be served.

5. Plaintiffs will endeavor to have service of process completed by early June. Nevertheless the timing of the start of this case appears not to be feasible. Plaintiffs respectfully suggest that the Court may wish to reconsider the date now set for the first Court appearance, June 27, 2014.

Respectfully submitted,

Charlton W 2428
Walter T. Charlton, D.C. Bar # 186940
11213 Angus Way, Woodsboro, Md., 21798
213 Morgan St., N.W., Washington, D.C., 20001
Telephone 410 571 8764,
email charltonwt@concast.net

2

CERTIFICATE OF SERVICE

I hereby certify that I served, by First Class Mail, postage prepaid, upon each of the named defendants in this case, a copy of this Motion and the Points and Authorities consisting of the First Amended Complaint in this case, on the 13th day of May, 2014.


  /s/ Charlton W 2428
Walter T. Charlton

3

*In the Superior Court of the District of Columbia*

| | |
|---|---|
| Cheeks of North America, Inc (CNA), et al | ) |
| V. | ) CIVIL ACTION #14-1898 (MR) |
| Fort Myer Construction Corporation, et al | ) |
| | ) |

### PROPOSED ORDER

Upon consideration of the Motion for Leave to Amend, and the circumstances of this case, and pursuant to the rule allowing lenient amendment of complaints, the Motion for Leave to Amend is Granted.  The clerk shall receive the First Amended Complaint into the Record of this case.  The original complaint, and the First Amended Complaint shall be served upon each defendant along with all motions to date by June 16, 2014.  The first hearing in this case shall be postponed from June 27, 2014 to _____.


_____
Judge



1

## In the Superior Court of the District of Columbia

| | |
|---|---|
| John C. Cheeks, et al | ) |
|     Plaintiffs | ) |
|     V. | ) C A # 14-1898 (MR) |
| Fort Myer Construction Corporation, et al | ) |
| | ) |

### Motion For Leave to File Under Seal
### Portions of the First Amended Complaint

Plaintiffs herein, have already received threats and acts of violence from members of the RICO Enterprise. A least one death and intimidations of potential witnesses are known and have been reported to the investigative authorities allegedly regarding the events in this case. In addition, governmental authorities are known to plaintiffs to have ongoing investigations which are likely to be compromised by disclosure of the information contained in documents requested to be filed under seal. The documents to which this request applies are Exhibits C and D to plaintiffs first amended complaint.

Plaintiffs hereby request that the sealed materials be NOT made available to opposing counsel. At least some of opposing counsel are in-house employees of the RICO enterprise and are alleged to have aided and abetted in at least some of the matters complained of herein. Therefore there exists a substantial likelihood of severe repercussions affecting the health and welfare of plaintiffs herein if the

-1-

sealed portions of this case become known.

Two affidavits, one from a plaintiff, and one from plaintiffs' counsel, contain allegations which, in the judgment of counsel create a material danger to those witnesses.  The allegations, if disclosed could also interfere with on-going investigations by governmental agencies.

Accordingly, this Motion should be granted.  A draft Order accompanies this Motion granting leave to file Exhibits C and D to the proposed First Amended Complaint.

Respectfully submitted,

S/S WTCharlton 5336

Walter T.  Charlton, DC Bar # 186940
Counsel for Plaintiffs
11213 Angus Way, Woodsboro, Md.  21798
Telephone 410 571 8764

CERTIFICATE OF SERVICE

I hereby certify that I have mailed, first class postage prepaid, a copy of the above Motion to Partially Seal Case, to each of the plaintiffs in this case, on the 13th day of May, 2014.

/s/ Charlton W 2428
Walter T. Charlton

-2-

In the Superior Court of the District of Columbia

| John C. Cheeks, et al | ) |
| Plaintiffs | ) |
| V. | ) C A # 14-1898 (MR) |
| Fort Myer Construction Corporation, et al | ) |
| | ) |

## Order Granting Leave to Partially Seal Case

Upon consideration of Plaintiffs Motion to Partially Seal certain documents in this case (Exhibits C and D to the proposed First Amended Complaint) and it appearing to the Court that it is likely that proceedings in the instant case shall be compromised by disclosures of confidential investigations now on-going in this jurisdiction, and may, in the absence of sealing the relevant documents, the Motion for Leave to Partially Seal Case is Granted.

Filings by the plaintiffs, Exhibits C and D to the Proposed First Amended Complaint shall be accepted under seal. The Legend "UNDER SEAL" shall be placed upon each page and the instant documents filed under seal, and shall remain under seal until further Order of this Court.

_____

Judge

-3-

Exhibit E

## In the Superior Court of the District of Columbia

John C. Cheeks, et al )
    Plaintiffs )
    V. ) C A # 14-1898 (MR)
Fort Myer Construction Corporation, et al )
     )

### CERTIFICATE OF SERVICE

    I hereby certify that I served, by ECF or First Class Mail, or hand delivery, each of the following listed defendants (list Attachment E-1, Incorporated by this reference) the following documents:

1.  The Complaint in this case as originally filed, minus Exhibits C and D which were filed under seal and withdrawn when the Motion to Seal was denied.

2.  The First Amended Complaint in this case filed (Not Served, Awaiting Court Approval).

3.  A Motion to File a First Amended Complaint.

4.  A Motion to File parts of the First Amended Complaint under seal.

5.  A Motion to Extend Time for Filing the Summons(es) in this case.

6.  A copy of the Summons in this case.

7.  A copy of the Court Order Setting the initial date for hearing.

_____    May 1☒ 2014
Special Process Server    Date

(List Attached, with Means of Service Specified for each)

EXHIBIT E- I

**List of Defendants for Service of Process and Motion for a First Amended Complaint.**

Fort Myer Construction Corporation
2237 33rd St. N.E.
Washington, D.C. 20018

---------------HOW SERVED------------

      Francisco Rodrigues Neto
      Jose Rodrigues
      Lewis Shrensky
      2237 33rd St. N.E.
      Washington, D.C. 20018

Anchor Construction Corporation
2254 25th Place. N.E.
Washington, D.C. 20018

      Florentino Gregorio
      Jose Rodrigues
      Cristina R. Gregorio
      Francisco Rodrigues Neto
      2254 25th Place. N.E
      Washington, D.C. 20018

Civil Construction, L.L.C.
2413 Schuster Drive
Cheverly, MD, 20781

      Lewis Shrensky
      Jose Rodriguez
      2413 Schuster Drive
      Cheverly, MD  20781
Capitol Paving of D.C., Inc.
2211 Channing St. N.E.
Washington, D.C. 20018

Francisco R. Neto
2211 Channing St. N.E.
Washington, D.C. 20018

1

--------HOW SERVED----------

Western Surety Company a Subsidiary Underwriting
Company /or CNA Surety
101 S Reid St #300,
Sioux Falls, SD 57103

CNA Surety (Insurance companies)
333 S. Wabash Ave., 41-South
Chicago, IL 60604

Paul T. Bruflat
101 South Phillips Avenue
Sioux Falls, SD 57104

Government of the District of Columbia
Office of Attorney General
For the District of Columbia
441 4th Street, NW, Suite 1145 S
Washington, DC  20001

Vincent Gray, Mayor of the District of Columbia, in
1350 Pennsylvania Avenue, NW, Suite 316,
Washington, D.C. 20004

Executive Office of the Mayor
1350 Pennsylvania Avenue, NW, Suite 316,
Washington, D.C. 20004

D. C. Dept. of Small  Local Business Development
441 4th, Street, NW, Suite 970 N
Washington, D.C. 20001

Robert N. Summers, Dir. S&LBD (Current)
441 4th, Street, NW, Suite 970 N
Washington, D.C. 20001

Harold B. Pettigrew, Jr. Dir. (Former) S&LBD
1126 57th ST NE
Washington, DC 20019

District of Columbia Dept of Transportation

2

----------HOW SERVED----------

Office of Contracting  Procurement
55 M Street, SE
Suite 400
Washington, DC 20003

James D. Staton, Chief Contracting Officer
Office of Contractingand Procurement
441 4th, Street, NW, Suite 700 S
Washington, D.C. 20001

Committee on Transportation  the Environment
1350 Pennsylvania Ave. NW, Suite 504
Washington, D.C. 20004


Phillip Mendelson, Council Chairman
1350 Pennsylvania Avenue, NW, Suite 504,
Washington, D.C. 20004

Mary M.  Cheh, Ward 3 Council member
1350 Pennsylvania Avenue, NW, Suite 108
Washington, D.C. 20004

Jim Graham, Ward 1 Councilmember Period 20
1350 Pennsylvania Avenue, NW, Suite 105
 Washington, D.C. 20004

David Grosso, Councilmember at Large, Period 20
 1350 Pennsylvania Avenue, NW, Suite 406,
Washington, D.C. 20004

Kenyan McDuffie, Ward 5 Councilmember, Per. 20
1350 Pennsylvania Avenue, NW, Suite        506
Washington, D.C. 20004

Tommy Wells, Ward 6 Council member
1350 Pennsylvania Avenue, NW, Suite 316,
 Washington, D.C. 20004

3

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

JOHN C. CHEEKS, et al.,                )
                                       )
            Plaintiffs,                )        Civil Action No. 2014 CA 1898 B
                                       )
    v.                                 )        Judge Ross – Cal. #6
                                       )
FORT MYERS CONSTRUCTION                )
COOPORATION, et al.,                   )        Next Event:  ISC – 6/27/2014
                                       )
            Defendants.                )

## ORDER

Upon consideration Plaintiffs' Motion for Leave to Amend Complaint, and the

circumstances of this case, and pursuant to the rule allowing lenient amendment of complaints, it

is this **19**[th] day of May 2014, hereby

**ORDERED** that the Motion for Leave to Amend Complaint is **GRANTED**; and it is

**FURTHER ORDERED** that the clerk shall receive the First Amended Complaint into

the Record of this case; and it is

**FURTHER ORDERED** that the original complaint and the First Amended Complaint

shall be served upon each Defendant along with all motions to day by June 16, 2014; and it is

**FURTHER ORDERED** that the Initial Scheduling Conference in this case shall be

postponed from June 27, 2014 to **July 25, 2014 at 9:00 A.M. in Courtroom 100**.

**IT IS ORDERED**.

*Maurice A. Ross*
_____
The Honorable Maurice A. Ross
(Signed in Chambers)

Copies to:

Fort Myer Construction Corporation
2237 33rd Street, NE
Washington, DC  20018

Francisco Rodrigues Neto
Jose Rodrigues
Lewis Shrensky
2237 33rd Street, NE
Washington, DC  20018

Anchor Construction Corporation
2254 25th Place, NE
Washington, DC  20018

Florentino Gregorio
Jose Rodrigues
Christina R. Gregorio
Francisco Rodrigues Neto
2254 25th Place, NE
Washington, DC  20018

Civil Construction, LLC
2413 Schuster Drive
Cheverly, MD  20781

Lewis Shrensky
Jose Rodriguez
2413 Schuster Drive
Cheverly, MD  20781

Capitol Paving of D.C., Inc.
2211 Channing Street, NE
Washington, DC 20018

Francisco R. Neto
2211 Channing Street, NE
Washington, DC  20018

Western Surety Company, a Subsidiary
Underwriting Company
101 South Phillips Avenue
Sioux Falls, SD  57104

Paul T. Bruflat, Vice President
101 South Phillips Avenue
Sioux Falls, SD  57104

CAN Surety
101 South Phillips Avenue
Sioux Falls, SD  57104

Office of the Attorney General for the
  District of Columbia
441 4th Street, NW, Suite 1145-S
Washington, DC  20001

Vincent Gray
Mayor of the District of Columbia
Executive Office of the Mayer
1350 Pennsylvania Avenue, NW
Suite 316
Washington, DC  20004

Department of Small & Local Business
Development
441 4th Street, NW, Suite 970-N
Washington, DC  20001

Robert N. Summer, Director (current)
Department of Small and Local Business
Development
441 4th Street, NW, Suite 970-N
Washington, DC  20001

Harold B. Pettigrew, Jr., Director (former)
Department of Small and Local Business Development
441 4th Street, NW, Suite 970-N
Washington, DC  20001

Department of Public Works
Office of Contracting and Procurement
441 4th Street, NW, Suite 700-S
Washington, DC  20001

James D. Stanton, Jr.
Chief Contracting Officer
Department of Public Works
Office of Contracting and Procurement
441 4th Street, NW, Suite 700-S
Washington, DC 20001

Committee on Transportation and
the Environment
1350 Pennsylvania Avenue, NW
Suite 108
Washington, DC 20004

Phil Mendelson
D.C. Council Chairman, Period 20
1350 Pennsylvania Avenue, NW
Suite 504
Washington, DC 20004

Mary M. Cheh, Committee Chair (current)
Ward 3, Councilmember, Period 20
Committee on Transportation and
the Environment
1350 Pennsylvania Avenue, NW, Suite 108
Washington, DC 20004

Jim Graham, Ward 1 Councilmember, Period 20
Committee on Transportation and
the Environment
1350 Pennsylvania Avenue, NW, Suite 108
Washington, DC 20004

David Grosso, Councilmember At-Large Period 20
1350 Pennsylvania Avenue, NW, Suite 406
Washington, DC 20004

Kenyan McDuffie, Ward 5 Councilmember, Period 20
1350 Pennsylvania Avenue, NW, Suite 506
Washington, DC 20004

Tommy Wells, Ward 6 Councilmember
1350 Pennsylvania Avenue, NW, Suite 316
Washington, DC 20004

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

JOHN C. CHEEKS, et al.,                    )
                                           )
            Plaintiffs,                    )      Civil Action No. 2014 CA 1898 B
                                           )
      v.                                   )      Judge Ross -- Cal. #6
                                           )
FORT MYERS CONSTRUCTION                    )
COOPORATION, et al.,                       )      Next Event:  ISC -- 6/27/2014
                                           )
            Defendants.                    )

## ORDER

Upon consideration Plaintiffs' Motion to Extend Time for Service of Process and

Pending Motions herein, it is this **19**<sup>th</sup> day of May 2014, hereby

ORDERED that the Motion is **GRANTED IN PART** and denied in part.  Pursuant to

this Order, Plaintiff has until June 16, 2014, to serve all Defendants and file proof of the same.

IT IS ORDERED.

*Maurice A. Ross*
_____
The Honorable Maurice A. Ross
(Signed in Chambers)

Copies to:

Fort Myer Construction Corporation
2237 33rd Street, NE
Washington, DC  20018

Francisco Rodrigues Neto
Jose Rodrigues
Lewis Shrensky
2237 33rd Street, NE
Washington, DC  20018

Anchor Construction Corporation
2254 25th Place, NE
Washington, DC  20018

Florentino Gregorio
Jose Rodrigues
Christina R. Gregorio
Francisco Rodrigues Neto
2254 25th Place, NE
Washington, DC  20018

Civil Construction, LLC
2413 Schuster Drive
Cheverly, MD  20781

Lewis Shrensky
Jose Rodriguez
2413 Schuster Drive
Cheverly, MD  20781

Capitol Paving of D.C., Inc.
2211 Channing Street, NE
Washington, DC 20018

Francisco R. Neto
2211 Channing Street, NE
Washington, DC  20018

Western Surety Company, a Subsidiary
Underwriting Company
101 South Phillips Avenue
Sioux Falls, SD  57104

Paul T. Bruflat, Vice President
101 South Phillips Avenue
Sioux Falls, SD  57104

CAN Surety
101 South Phillips Avenue
Sioux Falls, SD  57104

Office of the Attorney General for the
   District of Columbia
441 4th Street, NW, Suite 1145-S
Washington, DC  20001

Vincent Gray
Mayor of the District of Columbia
Executive Office of the Mayer
1350 Pennsylvania Avenue, NW
Suite 316
Washington, DC  20004

Department of Small & Local Business
Development
441 4th Street, NW, Suite 970-N
Washington, DC  20001

Robert N. Summer, Director (current)
Department of Small and Local Business
Development
441 4th Street, NW, Suite 970-N
Washington, DC  20001

Harold B. Pettigrew, Jr., Director (former)
Department of Small and Local Business Development
441 4th Street, NW, Suite 970-N
Washington, DC  20001

Department of Public Works
Office of Contracting and Procurement
441 4th Street, NW, Suite 700-S
Washington, DC  20001

James D. Stanton, Jr.
Chief Contracting Officer
Department of Public Works
Office of Contracting and Procurement
441 4th Street, NW, Suite 700-S
Washington, DC  20001

Committee on Transportation and
the Environment
1350 Pennsylvania Avenue, NW
Suite 108
Washington, DC  20004

Phil Mendelson
D.C. Council Chairman, Period 20
1350 Pennsylvania Avenue, NW
Suite 504
Washington, DC  20004

Mary M. Cheh, Committee Chair (current)
Ward 3, Councilmember, Period 20
Committee on Transportation and
the Environment
1350 Pennsylvania Avenue, NW, Suite 108
Washington, DC  20004

Jim Graham, Ward 1 Councilmember, Period 20
Committee on Transportation and
the Environment
1350 Pennsylvania Avenue, NW, Suite 108
Washington, DC  20004

David Grosso, Councilmember At-Large Period 20
1350 Pennsylvania Avenue, NW, Suite 406
Washington, DC  20004

Kenyan McDuffie, Ward 5 Councilmember, Period 20
1350 Pennsylvania Avenue, NW, Suite 506
Washington, DC  20004

Tommy Wells, Ward 6 Councilmember
1350 Pennsylvania Avenue, NW, Suite 316
Washington, DC  20004

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

JOHN C. CHEEKS, et al.,         )
                               )
        Plaintiffs,    )    Civil Action No. 2014 CA 1898 B
                               )
    v.                )    Judge Ross – Cal. #6
                               )
FORT MYERS CONSTRUCTION    )
COOPORATION, et al.,        )    Next Event:  ISC – 6/27/2014
                               )
        Defendants.    )

## ORDER

Upon consideration Plaintiffs' Motion for Leave to File Under Seal certain documents in this case (Exhibits C and D to the proposed First Amended Complaint), and it appearing to the Court that is it likely that proceedings in the instant case shall be compromised by disclosures of confidential investigations now on-going in this jurisdiction, any may, in the absence of sealing the relevant documents, the Motion for Leave to File Under Seal Portions of the First Amended Complaint is **GRANTED**.

Filings by the Plaintiffs, Exhibit C and D to the Proposed First Amended Complaint shall be accepted under seal.  The instant documents filed shall remain under seal until further Order of this Court.

**IT IS ORDERED**.

ENTERED this 19th day of May 2014.

_Maurice A. Ross_

The Honorable Maurice A. Ross
(Signed in Chambers)

Copies to:

Fort Myer Construction Corporation
2237 33rd Street, NE
Washington, DC  20018

Francisco Rodrigues Neto
Jose Rodrigues
Lewis Shrensky
2237 33rd Street, NE
Washington, DC  20018

Anchor Construction Corporation
2254 25th Place, NE
Washington, DC  20018

Florentino Gregorio
Jose Rodrigues
Christina R. Gregorio
Francisco Rodrigues Neto
2254 25th Place, NE
Washington, DC  20018

Civil Construction, LLC
2413 Schuster Drive
Cheverly, MD  20781

Lewis Shrensky
Jose Rodriguez
2413 Schuster Drive
Cheverly, MD  20781

Capitol Paving of D.C., Inc.
2211 Channing Street, NE
Washington, DC 20018

Francisco R. Neto
2211 Channing Street, NE
Washington, DC  20018

Western Surety Company, a Subsidiary
Underwriting Company
101 South Phillips Avenue
Sioux Falls, SD  57104

Paul T. Bruflat, Vice President
101 South Phillips Avenue
Sioux Falls, SD  57104

CAN Surety
101 South Phillips Avenue
Sioux Falls, SD  57104

Office of the Attorney General for the
  District of Columbia
441 4th Street, NW, Suite 1145-S
Washington, DC  20001

Vincent Gray
Mayor of the District of Columbia
Executive Office of the Mayer
1350 Pennsylvania Avenue, NW
Suite 316
Washington, DC  20004

Department of Small & Local Business
Development
441 4th Street, NW, Suite 970-N
Washington, DC  20001

Robert N. Summer, Director (current)
Department of Small and Local Business
Development
441 4th Street, NW, Suite 970-N
Washington, DC  20001

Harold B. Pettigrew, Jr., Director (former)
Department of Small and Local Business Development
441 4th Street, NW, Suite 970-N
Washington, DC  20001

Department of Public Works
Office of Contracting and Procurement
441 4th Street, NW, Suite 700-S
Washington, DC  20001

James D. Stanton, Jr.
Chief Contracting Officer
Department of Public Works
Office of Contracting and Procurement
441 4th Street, NW, Suite 700-S
Washington, DC  20001

Committee on Transportation and
the Environment
1350 Pennsylvania Avenue, NW
Suite 108
Washington, DC  20004

Phil Mendelson
D.C. Council Chairman, Period 20
1350 Pennsylvania Avenue, NW
Suite 504
Washington, DC  20004

Mary M. Cheh, Committee Chair (current)
Ward 3, Councilmember, Period 20
Committee on Transportation and
the Environment
1350 Pennsylvania Avenue, NW, Suite 108
Washington, DC  20004

Jim Graham, Ward 1 Councilmember, Period 20
Committee on Transportation and
the Environment
1350 Pennsylvania Avenue, NW, Suite 108
Washington, DC  20004

David Grosso, Councilmember At-Large Period 20
1350 Pennsylvania Avenue, NW, Suite 406
Washington, DC  20004

Kenyan McDuffie, Ward 5 Councilmember, Period 20
1350 Pennsylvania Avenue, NW, Suite 506
Washington, DC  20004

Tommy Wells, Ward 6 Councilmember
1350 Pennsylvania Avenue, NW, Suite 316
Washington, DC  20004