UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN C. CHEEKS, et al., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FORT MYER CONSTRUCTION )<br>CORPORATION, et al., )<br>)<br>Defendants. )<br>_____) | Civil Action No.: 1:14-cv-00914-RCL |

**DEFENDANTS WESTERN SURETY COMPANY AND
PAUL T. BRUFLAT'S RULE 12(b)(6) MOTION TO DISMISS**

Defendants Western Surety Company ("Western") and Paul T. Bruflat ("Mr. Bruflat") hereby move to dismiss all claims against them in the First Amended Complaint ("FAC") in this action, pursuant to Fed. R. Civ. P. 12(b)(6). In support of their motion, Western and Mr. Brulfat state as follows:

1.  As explained below and in the Memorandum filed herewith, Plaintiffs have failed to state a claim against Western and Mr. Bruflat upon which relief may be granted.

2.  Plaintiffs' Sherman Act claim fails because Plaintiffs do not allege facts as to *when* Western purportedly entered into any agreement in violation of the Sherman Act, *who* reached any alleged agreement, *where* it was purportedly reached, or *how* it was reached, all as required by the Supreme Court decisions in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).

3.  Plaintiffs' Sherman Act claim also fails to meet the pleading standards mandated by the Supreme Court for additional reasons: the conduct alleged to have been undertaken by Western and Mr. Bruflat in the FAC, that of providing surety bonds to companies engaged in the

construction trades, is lawful activity. The Supreme Court has held that where conduct alleged by a plaintiff is otherwise explainable as lawful independent activity, a Sherman Act claim cannot lie as a matter of law. *See Twombly* and *Iqbal*.

4. Additionally, the FAC should be dismissed against Western and Mr. Bruflat because Plaintiff has failed to allege antitrust injury. In order to properly plead a claim for relief under the Sherman Act, it is not enough that the Plaintiff allege that it suffered an injury in fact and that it is causally connected to acts which are alleged to have violated the antitrust laws. Rather, a Plaintiff must allege that it suffered *antitrust* injury, that is, injury of a type that the antitrust laws were intended to prevent and that flows from that which makes the alleged conduct unlawful (*i.e.*, the unreasonable restraint on competition).

5. Plaintiffs' antitrust claim is also statutorily barred, because the only conduct that Plaintiffs allege as to Western and Mr. Bruflat is issuing bid bonds. Issuing bid bonds is part of the business of insurance and is regulated by D.C. law, and therefore, any antitrust claim Plaintiffs might have against Western and Mr. Bruflat would be barred, in any event, by the McCarran-Ferguson Act.

6. Plaintiffs' RICO claim fails because the FAC is completely devoid of the particularity required to plead a RICO cause of action. First, Plaintiffs do not identify the particular provision of 18 U.S.C. § 1962 that Western and Mr. Bruflat supposedly violated. Second, Plaintiffs fail to articulate the predicate act on which their RICO claims against Western and Mr. Bruflat are based. Third, Plaintiffs allegations fail to show that Western and Mr. Bruflat furthered a RICO enterprise. Again, Plaintiffs' allege no conduct on the part of either Western or Mr. Bruflat other than their engaging in lawful activity—that of issuing surety bonds.

7.  Additionally, Plaintiffs' cannot demonstrate that Defendants' alleged acts were the proximate cause of Plaintiffs' claimed injury and thus, Plaintiffs lack standing to bring their RICO claim.

8.  To the extent that Plaintiffs are attempting to assert a fraud claim, that claim also fails as a matter of law. Plaintiffs fail not only to allege a plausible claim under *Twombly* and *Iqbal*, but also fail to meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b). Specifically, Plaintiffs fail to allege that either Western or Mr. Bruflat made any false representations, let alone allege with particularity the time, place, or content of any false misrepresentation; the fact misrepresented; what was retained or given up as a consequence of the fraud; and the identity of the individuals allegedly involved in the fraud.

WHEREFORE, for all of the reasons set forth in this Motion and the accompanying Memorandum which is incorporated herein, Western and Mr. Bruflat respectfully request that this Court dismiss all claims in the FAC against Western and Mr. Bruflat.

## REQUEST FOR HEARING

Defendants Western Surety Company and Paul T. Bruflat request a hearing with regard to their Motion to Dismiss.

Respectfully submitted,

July 25, 2014

/s/
David H. Bamberger (D.C. Bar No. 362285)
DLA PIPER LLP (US)
500 8th Street, N.W.
Washington, D.C. 20004
Tel:  (202) 799-4000
Fax: (202) 799-5000

Attorney for Defendants Western Surety Company and Paul T. Bruflat

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN C. CHEEKS, et al., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 1:14-cv-00914-RCL |
| | ) |
| FORT MYER CONSTRUCTION CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 25 day of July, 2014 I electronically filed the foregoing with the Clerk of the Court, which will then send notification of such filing by the Court's ECF system to the following:

Walter T. Charlton, Esquire
11213 Angus Way
Woodsboro, MD 21798

Leonard A. White, Esquire
10319 Westlake Drive, 346
Bethesda, Maryland 20817

Timothy J. Fitzgibbon, Esquire
Nelson Mullins Riley & Scarborough, LLP
101 Constitution Avenue, NW
Washington, DC  20001

Douglas A. Datt, Esquire
Gavett, Datt & Barish, P.C.
15850 Crabbs Branch Way, Suite 330
Rockville, Maryland 20855-2675

EAST\79382071.1

Thomas L. Koger, Esquire
Office of the Attorney General
Civil Litigation Division
441 4th Street, NW, Suite 6008
Washington, DC  20001

Manasi Venkatesh, Esquire
Ass't General Counsel
Council of the District of Columbia
1350 Pennsylvania Avenue, NW, Suite 4
Washington, DC  20004

Christopher A. Coppula
2237 33rd Street, NE
Washington, DC  20018

                                                /s/
                                     David H. Bamberger