UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN C. CHEEKS, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>FORT MYER CONSTRUCTION )<br>CORPORATION, *et al.*, )<br>)<br>Defendants. )<br>) | Case No. 14-cv-00914 (RCL) |

**COUNCIL OF THE DISTRICT OF COLUMBIA DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

The Committee on Transportation and the Environment, Defendant #26, Chairman Phil Mendelson, Defendant #27, Councilmember Mary M. Cheh, Defendant #28, Councilmember Jim Graham, Defendant #29, Councilmember David Grosso, Defendant #30, Councilmember Kenyan McDuffie, Defendant #31, Councilmember Tommy Wells, Defendant #32 (collectively referred to as "Council Defendants"), by and through undersigned counsel, respectfully move this Court to dismiss Plaintiffs' First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Plaintiffs have failed to state a claim upon which relief can be granted. Council Defendants have attached a Statement of Points and Authorities in support of this Motion, along with a proposed order.

2

DATED: July 25, 2014                    Respectfully submitted,

                                                s/ V. David Zvenyach

                                                _____
V. DAVID ZVENYACH, General Counsel (#985329)
JOHN HOELLEN, Deputy General Counsel (#450354)
MANASI VENKATESH, Ass't General Counsel (#1000409)
COUNCIL OF THE DISTRICT OF COLUMBIA
1350 Pennsylvania Avenue NW, Suite 4
Washington, DC 20004
(202) 724-8026
(202) 724-8129 fax
vzvenyach@dccouncil.us

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN C. CHEEKS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> FORT MYER CONSTRUCTION CORPORATION, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Case No. 14-cv-00914 (RCL) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF
COUNCIL DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT**

The Committee on Transportation and the Environment, Defendant #26, Chairman Phil Mendelson, Defendant #27, Councilmember Mary M. Cheh, Defendant #28, Councilmember Jim Graham, Defendant #29, Councilmember David Grosso, Defendant #30, Councilmember Kenyan McDuffie, Defendant #31, Councilmember Tommy Wells, Defendant #32 (collectively referred to as "Council Defendants"), hereby submit this Statement of Points and Authorities in support of their Motion to Dismiss Plaintiffs' First Amended Complaint for failure to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**I.  BACKGROUND.**

Plaintiffs' Amended Complaint names 41 Defendants and seeks compensatory and punitive damages, as well as equitable and injunctive relief, for violations of, *inter alia*, 18 U.S.C. § 1961, *et seq*. (Civil RICO), 15 U.S.C. § 1 (Sherman Antitrust Act), and 42 U.S.C. § 1981.[1]  Plaintiffs' claims arise from

---
[1] The primary plaintiff, Plaintiff #1, is John C. Cheeks. Other plaintiffs include Plaintiff #2, CNA, a corporation owned by John C. Cheeks, and Plaintiff #3, an unknown number of additional

alleged racketeering and anti-competitive activities, which purportedly caused damages to Plaintiffs' business and property and a deprivation of Plaintiffs' civil rights under 42 U.S.C. § 1981. (Am. Compl. ¶¶ 114-30.) Plaintiffs also allege that the "RICO enterprise interfered with the election process" thereby obstructing the election of Plaintiff John C. Cheeks. (*Id*. at ¶¶ 89-91.)

Plaintiffs have sued Council Defendants in their official capacities. (*Id*. at ¶¶ 57-63.) Specifically, Plaintiffs allege damages arising from two infrastructure bidding processes related to contract solicitation numbers DCKA-2013-B-0007 and DCKA-2013-B-0029. (*Id*. at ¶¶ 124-25.) Plaintiffs argue that although Plaintiff CNA was the low bidder on these contract solicitations, Plaintiff CNA was not awarded the contracts because of RICO violations by non-Council Defendants, "by reason of bribery, bid-rigging and practice of preferential treatment" by all 41 named Defendants. (*Id*. at ¶¶ 82-83.) Plaintiffs also allege "a collusive conspiracy in violation of both RICO and the Sherman Act," *Id*. at ¶ 85, and a deprivation of civil rights. (*Id*. at ¶¶ 129-30.)

Plaintiffs request injunctive relief by "dissolution of the racketeering enterprise" and a declaration by the Court that the contracts at issue were acquired by illegal means. (*Id*. at ¶ 10.) Plaintiffs seek to have all profits from the alleged illegal contracts seized by the Government of the District of Columbia, and ask the Court to supervise the re-bidding of new contracts. (*Id*.) Plaintiffs also demand millions of dollars in monetary damages. (*Id*. at ¶¶ 127-30.) With respect to Council Defendants, Plaintiffs request $2,500 from each Council Defendant, as well as costs and legal fees, and equitable relief that requires, at a minimum, the issuance of

---

unidentified plaintiffs listed as "other allegedly injured parties." (Am. Compl. ¶¶ 5-6.) Plaintiffs #1-#3 are collectively referred to as "Plaintiffs".

2

"a revised edition of non-collusion affidavit(s) and low bidder regulations [sic] applicable to sealed bid solicitations and non-sealed bid solicitations." (*Id.* at ¶¶ 136, 147.)[2]

## II. STANDARD OF REVIEW.

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint "must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, and must suggest a plausible scenario that shows that the pleader is entitled to relief." *Patton Boggs LLP v. Chevron Corp.*, 683 F.3d 397, 403 (D.C. Cir. 2012) (internal citations, quotation marks, and brackets omitted). Under this standard, "facts that are merely consistent with a defendant's liability and demonstrate only a possibility, but not the plausibility, of relief fail to satisfy this standard." *RSM Prod. Corp. v. Freshfields Bruckhaus Deringer U.S. LLP*, 682 F.3d 1043, 1048 (D.C. Cir. 2012) (internal quotation marks and brackets omitted). A plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to survive a Rule 12(b)(6) motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## III. ARGUMENT.

It is not clear why Council Defendants are named in the Amended Complaint or which of the nearly 40-pages of allegations are directed towards the Council Defendants. At the crux of Plaintiffs' Amended Complaint is that Plaintiffs were

---

[2] On June 10, 2014, the District and Council Defendants filed a Partial Consent Motion to Compel Service of *Ex Parte* filed Exhibits C and D to Amended Complaint and to Enlarge the Time of All Defendants to Respond to Amended Complaint ("Motion to Compel"). [Dkt. 13.] The Motion to Compel was filed on the grounds that Exhibits C and D, referenced in the original complaint and the Amended Complaint, were not provided to the District or Council Defendants. [*Id.*] Exhibits C and D purport to contain "affidavit declaration and testimony," (Am. Compl. ¶ 74), related to allegations of murder, death threats, and intimidation. (*Id.* at ¶¶ 74, 79, 80.) Plaintiffs' Amended Complaint does not allege that Council Defendants committed any of these acts. (*Id.* at ¶¶ 73, 83.) Although the Motion to Compel is still pending, these Exhibits are irrelevant to the Council Defendants' Motion to Dismiss.

denied two contract awards as a result of RICO violations by non-Council Defendants, aided in some way by all Defendants, including Council Defendants. (Am. Compl. ¶¶ 68-9; 73, 83.)[3] The only connection, however, the Council Defendants have to the alleged unlawful contracts is that the contracts were passively approved by the Council after the bidding process was complete and the Executive branch had awarded the contracts.[4]

Plaintiffs' conclusory allegations do not satisfy the most basic pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotations and citations omitted). Even if they did, Council Defendants are protected from such claims by immunity.

For the reasons outlined below, the Court should dismiss Plaintiffs' Amended Complaint against Council Defendants.[5]

---

[3] Plaintiffs do not allege that the Council Defendants were part of the "RICO enterprise." (Am. Compl. ¶ 68.) ("Defendant #18 through actions of Defendants #22, #23 and #25; at least 6 private corporations, [D]efendants #1, #5, #10, #13, #15, #16[sic]; --employees and officers of those corporations, [D]efendants #2, #3, #4, #6, #7, #8, #9;-and in their personal capacities Defendants #34 #35 #36 # 37 #38 #39;--and Defendant #17, comprise, owned, operated, abetted or managed the RICO enterprise.")

[4] The District of Columbia Department of Transportation ("DDOT") awarded contract solicitation no: DCKA-2013-B-0007 to Defendant Capital Paving of DC, Inc. This contract was transmitted by the Mayor to the Council for approval on June 27, 2013. On July 8, 2013, the contract was deemed approved by the Council. (*See* Legislative Summary for CA20-137, available on the Legislative Information System at: http://lims.dccouncil.us/Legislation/CA20-0137?FromSearchResults=true.) DDOT awarded contract solicitation no: DCKA-2013-B-0029 to Defendant Fort Myer Construction Corporation. This contract was submitted by the Mayor to the Council for approval on December 19, 2013, and deemed approved by the Council on December 30, 2013. (*See* Legislative Summary for CA20-243, available on the Legislative Information System at: http://lims.dccouncil.us/Legislation/CA20-0243?FromSearchResults=true.)

[5] Council Defendants incorporate the arguments of the District of Columbia Defendants set forth in sections II through VII of the Memorandum of Points and Authorities in Support of District of Columbia Defendants' Motion to Dismiss the Amended Complaint. [Dkt. 48-1.]

4

### A. The Amended Complaint Fails to State a Claim Against Council Defendants.

As a threshold matter, to satisfy Rule 8 of the Federal Rules of Civil Procedure, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). A complaint fails to put a defendant on notice, and cannot withstand a Rule 12(b)(6) motion, if it does not contain specific allegations against specific defendants or fails to outline the facts upon which the claims rest. *See, e.g.*, *Major v. Plumbers Local Union No. 5 of the United Ass'n of Journeymen & Apprentices of the Plumbing & Pipe-Fitting Indus. of the U.S. & Canada, AFL-CIO,* 370 F. Supp. 2d 118, 128-129 (D.D.C. 2005) (Court found that a portion of the amended complaint which did not identify any specific plaintiffs or defendants and did not contain any specific factual allegations "such as how a particular plaintiff was discriminated against by a particular defendant" failed to state a claim under Rule 12(b)(6).)

Here, Plaintiffs' Amended Complaint does not meet the requirements of Rule 8 of the Federal Rules of Civil Procedure. First, the Amended Complaint fails to identify which Council Defendants committed which allegedly unlawful acts. (Am. Compl. ¶ 69.) In the few instances where the Council Defendants are identified, the Amended Complaint merely lumps the Council Defendants together—and all Defendants together— without any explanation as to each of the Council Defendant's role in committing each of the alleged violations. (*Id.* at ¶¶ 69, 73, 83.) Second, the Amended Complaint simply lists alleged unlawful actions taken by the Council Defendants (i.e. bribery, election law violations, bid rigging), but does not outline any of the elements of the offenses or set forth facts surrounding the offenses. (*Id.* at ¶¶ 69, 73, 83.) Plaintiffs' Amended Complaint does not provide the

5

Council Defendants with notice of the charges they are to defend against and fails to allege sufficient facts to state any claim. Accordingly, the Amended Complaint should be dismissed.

### B. Even if Plaintiffs' Amended Complaint Properly Stated a Claim, the Council Defendants are entitled to Immunity.

Taking all of Plaintiffs' claims as true, at best, Plaintiffs' Amended Complaint alleges that Council Defendants somehow engaged in or perpetuated unlawful acts by failing to conduct oversight over, or otherwise intervene in, the bidding process for DCKA-2013-B-0007 and DCKA-2013-B-0029. (Am. Compl. ¶¶ 57-63.)[6] What Plaintiffs have failed to recognize, however, is that bid solicitations and contract awards are purely Executive functions. The Council has no role in the contracting process until *after* the contract is awarded—at which point, if the contract is a multiyear contract or in excess of $1 million during a 12-month period—the Mayor sends it to the Council for review and approval. *See* D.C. Official Code § 2-352.02. Although the Council Defendants played a role, albeit extremely limited, in passively approving the contracts at issue, the alleged failure to intervene or conduct oversight during the bidding process does not give rise to a cause of action. And even if it did, Council Defendants would be protected against those claims by immunity. Therefore, Plaintiffs' Amended Complaint should be dismissed.

---

[6] In reference to Council Defendant #26, the Committee on Transportation and the Environment ("Committee") Plaintiffs allege, [t]hat defendant purported to hold oversight responsibility and exercised purported authority to intervene on awards to DCKA-2013-B-0007 solicitation . . . and DCKA-2013-B-0029 solicitation.) (Am. Compl. ¶ 57.) In addition, Plaintiffs name the Chairman of the Council, Defendant #27, and all of the current members of the Committee, Council Defendants #28-32. (*Id.* at ¶¶ 58-63.) With respect to each member of the Committee, Council Defendants # 28-32, Plaintiffs note that each is "a voting member for the District of Columbia solicitations on infrastructure projects." (*Id.*)

6

### 1. Legislative Immunity Protects Council Defendants #27 through #32 against Plaintiffs' Claims.

The District's Speech or Debate statute provides Councilmembers with immunity from lawsuits for conduct undertaken in their legislative capacities. *See* D.C. Official Code § 1-301.42 ("For any speech or debate made in the course of their legislative duties, the members of the Council shall not be questioned in any other place."); *Dominion Cogen, D.C., Inc. v. District of Columbia*, 878 F. Supp. 258, 263 (D.D.C. 1995). The Clause protects Councilmembers in the performance of their legislative duties, which includes "[e]verything said, written or done during legislative sessions, meetings, or investigations of the Council or any committee of the Council, and everything said, written, or done in the process of drafting and publishing legislation and legislative reports." D.C. Official Code § 1-301.41.

Here, Plaintiffs' claims are tied directly to the Council Defendants' review of contracts—a core legislative activity. Specifically, section 451 of the Home Rule Act provides that "[n]o contract involving expenditures in excess of $1,000,000 during a 12-month period may be made unless the Mayor submits the contract to the Council for its approval and the Council approves the contract (in accordance with criteria established by act of the Council)." D.C. Official Code § 1-204.51. The contracts at issue, contracts in excess of $1 million during a 12-month period, were passively approved by the Council in accordance with D.C. Official Code § 1-204.51(b)(2).[7] Because Plaintiffs' claims touch on Council Defendants' actions or inactions related to the Council's passive approval of contracts, the claims against Council Defendants #27 through #32 are barred by legislative immunity.

---

[7] In relevant part, D.C. Official Code § 1-204.51(b)(2) provides that "the Council shall be deemed to approve a contract if --(A) during the 10-day period beginning on the date the Mayor submits the contract to the Council, no member of the Council introduces a resolution approving or disapproving the contract; or (B) during the 45-calendar day period beginning on the date the Mayor submits the contract to the Council, the Council does not disapprove the contract."

7

### 2. Sovereign Immunity bars Claims against Council Defendants.

The District is "immune from suit for decisions made pursuant to the exercise of discretion, but not for actions which are ministerial." *UMC Development, LLC v. District of Columbia*, 982 F. Supp. 2d 13, 20 (D.D.C. 2013) (quoting *Aguehounde v. District of Columbia*, 666 A.2d 443, 447 (D.C. 1995)). Sovereign immunity applies "regardless of whether a private plaintiff's suit is for monetary damages or some other type of relief." *Fed. Mar. Comm'n v. S. Carolina State Ports Auth.*, 535 U.S. 743, 765-666 (2002).

Here, Plaintiffs seek monetary, injunctive, and equitable relief from Council Defendants for damages to "their business or property or employment by the Unlawful Tort[i]uous Acts of Defendants." (Am. Compl. ¶ 136.) Council Defendants have absolutely no authority, and the Plaintiffs cite to none, to intervene during the bidding process. While Council Defendants may have had the authority to conduct oversight or actively vote to disapprove the contracts at issue, *Id.* at ¶ 57., there is no law, statute, or regulation requiring Council Defendants to do so. Accordingly, any decisions, actions, or inactions by Council Defendants related to the approval of DCKA-2013-B-0007 and DCKA-2013-B-0029 are discretionary acts protected by sovereign immunity. Therefore, Plaintiffs' claims against Council Defendants should be dismissed.

## IV.   CONCLUSION.

In an attempt to respond to Plaintiffs' Amended Complaint, Council Defendants have had to guess which allegations were directed towards them. Plaintiffs have failed to outline the basis for its claims against the Council Defendants or tie specific Counsel Defendants to specific unlawful acts. Accordingly, Plaintiffs cannot state a claim against Council Defendants. For the reasons set forth

above, Council Defendants respectfully request that this Court dismiss Plaintiffs' Amended Complaint.[8]

DATED: July 25, 2014

Respectfully submitted,

s/ V. David Zvenyach

———————————————
V. DAVID ZVENYACH, General Counsel (#985329)
JOHN HOELLEN, Deputy General Counsel (#450354)
MANASI VENKATESH, Ass't General Counsel (#1000409)
COUNCIL OF THE DISTRICT OF COLUMBIA
1350 Pennsylvania Avenue NW, Suite 4
Washington, DC 20004
(202) 724-8026
(202) 724-8129 fax
vzvenyach@dccouncil.us

---

[8] Separation of powers principles prevent courts from "inappropriate interference in the business of the other branches of Government." *District of Columbia v. Sierra Club*, 670 A.2d 354, 366 (D.C. 1996) (quoting *United States v. Munoz–Flores,* 495 U.S. 385, 394(1990)). As explained above, the Council has the authority to approve or disapprove contract awards in excess of $1 million dollars in a 12-month period. D.C. Official Code § 1-204.51. The Council also has broad legislative authority under D.C. Official Code § 1-204.04. Here, Plaintiffs seek equitable relief from the Council Defendants, and others, that should require, "as a minimum, a revised edition of the non-collusion affidavit(s) and the low-bidder regulations." (Am. Compl. ¶ 146-47.) Even if Plaintiffs demonstrated that: (1) they suffered irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction, *see eBay Inc., v. MercExchange, L.L.C.,* 547 U.S. 388, 391 (2006), which they have not, Plaintiffs' request for "judicial interference with legislative responsibilities and prerogatives" undoubtedly violates the doctrine of separation of powers. *Sierra Club*, 670 A.2d at 365. Accordingly, Plaintiffs' request for injunctive relief from Council Defendants should be denied.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that today, July 25, 2014, I electronically filed the foregoing motion and accompanying statement of points and authorities with the Clerk of the Court for the United States District Court for the District of Columbia using the CM/ECF system, which will then send notification the counsel of record.

DATED: July 25, 2014            Respectfully submitted,

/s/ Manasi Venkatesh

_____
V. DAVID ZVENYACH, General Counsel (#985329)
JOHN HOELLEN, Deputy General Counsel (#450354)
MANASI VENKATESH, Ass't General Counsel (#1000409)
COUNCIL OF THE DISTRICT OF COLUMBIA
1350 Pennsylvania Avenue NW, Suite 4
Washington, DC 20004
(202) 724-8026
(202) 724-8129 fax
mvenkatesh@dccouncil.us