UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| JOHN C. CHEEKS, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>FORT MYER CONSTRUCTION<br>CORPORATION, et al.,<br><br>　　　　Defendants. | Civil No. 1:14-cv-00914 (RCL) |

## MEMORANDUM OPINION

Plaintiffs John C. Cheeks ("Cheeks"), Cheeks of North America, Inc., and other purported plaintiffs harmed by defendants' actions (collectively "plaintiffs")[1] allege violation of the Racketeer Influenced and Corrupt Practices Act (RICO), 18 U.S.C. § 1961 (2012), the Sherman Antitrust Act, 15 U.S.C. § 1 (2012), Clayton Antitrust Act, 15 U.S.C. § 12 (2012), and 42 U.S.C. § 1981 (2012). Plaintiffs named over forty defendants, including members of the Council of the District of Columbia, the D.C. Mayor's office, and a variety of private corporations and individuals.[2] Plaintiffs allege that defendants colluded to unlawfully dominate

---

[1] Plaintiffs have filed on behalf of "One or More Plaintiffs whose Identities and Claims are Filed Under Seal Who Were Damaged in their Business or Property or Employment by the Unlawful Tortious Acts of Defendants Herein." This vague and unworkable party conglomeration of unknown and unnamed individuals will be dismissed *sua sponte*.

[2] Defendants in the suit are: Fort Myer Construction Corporation (defendant #1), Jose Rodriguez (defendant #3, defendant #7, and defendant #12), Lewis Shrensky (defendant #4 and defendant #11) (collectively "Fort Myer defendants"); the District of Columbia (defendant #18), Mayor Vincent Gray (defendant #19), the Executive Office of the Mayor (defendant #20), D.C. Department of Small and Local Business Development (defendant #21), Robert N. Summers (defendant #22), Harold B. Pettigrew (defendant #23), the District of Columbia Office of Contracting and Procurement (defendant #24), James D. Staton (defendant #25), the District of Columbia Department of Transportation (defendant #40), and Terry Bellamy (defendant #41) (collectively "District defendants"); Francisco Rodrigues Neto ("Neto") (defendant #2, defendant #9, and defendant #14); Capitol Paving of DC, Inc. ("Capitol Paving") (defendant #13); Chairman Phil Mendelson (defendant #27), Councilmembers Mary Cheh (defendant #28), Jim Graham (defendant #29), David Grosso (defendant #30), Kenyan McDuffie (defendant #31), Tommy Wells

the bidding process for D.C. infrastructure project contracts and falsely asserted in "non-collusion affidavits" competitive independence in bidding. Plaintiffs further allege that defendants engaged in bribery, fraud, racketeering, intimidation, and acts of violence against prospective witnesses to the RICO enterprise.

Defendants present two sets of motions against plaintiffs' First Amended Complaint. First, Cooper, Minton, the Fort Myers defendants, Neto, Capitol Paving, Civil Construction, and the Anchor defendants have brought motions for a more definite statement under Federal Rule of Civil Procedure 12(e). Second, the Western Surety defendants, District defendants, and Council defendants have brought motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) and on various other grounds. Plaintiffs have opposed defendants' motions for more definite statement and motions to dismiss and have filed a cross-motion for leave to file an amended complaint. For the following reasons, defendants' motions for more definite statement and motions to dismiss will be granted and plaintiffs will be ordered to file a Motion for Leave to File a Second Amended Complaint as to the remaining defendants. Defendants' motions to compel and plaintiffs' related Motion for a Hearing will be denied, and the parties' motions for extensions of time to file their respective pleadings will be granted *nunc pro tunc.*

I.   **BACKGROUND**

Plaintiffs allege that they have been the target of extensive antitrust and RICO violations stemming from a bid-rigging conspiracy centered in the District of Columbia. Plaintiffs allege

---

(defendant #32), and the Committee on Transportation and the Environment (defendant #26) (collectively "Council defendants"); Western Surety Company (defendant #15), Paul T. Bruflat (defendant #17) (collectively "Western Surety defendants"); Anchor Construction Corporation (defendant #5), Florentino Gregorio (defendant #6) (collectively "Anchor defendants"); Dora Rodrigues Cooper ("Cooper") (defendant #39); Cristina Rodrigues Minton ("Minton") (defendant #8); and Civil Construction, L.L.C. ("Civil Construction") (defendant #10), and "[a]bout 25 more unknown conspirators with unknown addresses" (defendant #33) The record does not reflect that that defendant CNA Surety (defendant #16) has been served and plaintiffs will be ordered to show cause why CNA Surety should not be dismissed from this action under Federal Rule of Civil Procedure 4(m).

that defendants are participants in a long-standing RICO enterprise and have engaged in bribery and election interference, committed fraud by submission of false non-collusion affidavits, and provided wrongful preferential treatment in the contract bidding process. Plaintiffs further allege that they have suffered intimidation and death threats for their interference with the racketeering enterprise's plots. Plaintiffs have accused public officials, private individuals and corporations with fraud and conspiracy, but through sealed filings and requests for secretive, ex parte hearings, plaintiffs have sought to prevent defendants from adequately defending against these allegations.

On March 28, 2014, Plaintiffs filed their original complaint in the Superior Court of the District of Columbia, Case No. 14-1898. The Complaint sought damages for $150,000,00 for injuries to business or property by acts of a racketeering enterprise. On May 13, 2014, plaintiffs moved the Superior Court for leave to file an amended complaint and an order permitting them to file Exhibits C and D to their First Amended Complaint under seal. Plaintiffs' motions were granted, the First Amended Complaint was accepted, and Exhibits C and D to the Complaint were sealed on May 19, 2014.[3] Since that time, plaintiffs have refused to serve the sealed exhibits or make them available to defendants in any way. The case was removed to this Court on May 29, 2014. Notice of Removal, ECF No. 1.

On June 10, 2014, the District defendants and Council defendants filed a Motion to Compel Service of Exhibits C and D to plaintiffs' First Amended Complaint. Mot. to Compel Service, ECF No. 13. The Fort Myers defendants filed an identical Motion to Compel on June 11, 2014. Mot. to Compel, ECF No. 14. Plaintiffs opposed the motions to compel on June 20,

---

[3] This Court sees no basis for the Superior Court's order to file under seal Exhibits C and D of plaintiffs' First Amendment Complaint, much less for plaintiffs' refusal to serve the sealed exhibits. The documents include no additional names, dates, or facts linking any particular defendant to the alleged activity. There is certainly no basis for an ex parte proceeding to consider these sealed exhibits, and the Court will deny all requests to entertain such ex parte filings.

2014. Resp. to Mot. to Compel, ECF No. 18. Defendants filed their Reply to plaintiffs' response on June 26, 2014. Reply to Resp. to Mot. to Compel, ECF No. 19. Plaintiffs then filed a Motion for Hearing on the motions to compel. Mot. for Hearing, ECF No. 20. The motions to compel are still pending.

All defendants, except for the Anchor defendants, filed the pending motions for a more definite statement and motions to dismiss on July 25, 2014. Motion for More Definite Statement, ECF Nos. 43, 44, 47, and 49; Motions to Dismiss, ECF Nos. 46, 48, and 51. The Anchor defendants filed their Motion for a More Definite Statement on July 28, 2014. Mot. for More Definite Statement, ECF No. 52. Plaintiffs responded to all of defendants' motions on August 25, 2014. Opp'n to Defs.' Mots. For More Definite Statement, Intended as Responsive to all Such Mots., ECF No. 54; Combined Opp'n to Defs.' Mots. to Dismiss, with Statement of Facts with Cross-Mot. for Leave to Amend, ECF No. 55. On September 4, 2014, the Western Surety defendants filed their Opposition to plaintiffs' Cross-Motion for Leave to File an Amended Complaint. Resp. to Pls.' Mot. for Leave to Amend, ECF No. 61. The District defendants filed their Opposition to plaintiffs' Motion for Leave to Amend on September 10, 2014. Mem. of P. & A. in Opp'n to Pls.' Mot. for Leave to Amend, ECF No. 63. Plaintiffs' filed a Reply to these Oppositions on September 17, 2014. Reply Mem. to Opp'n to Pls.' Mot. for Leave to Amend., ECF No. 64.

## II. LEGAL STANDARD

### A. Motion for a More Definite Statement

Under rule 12(e), "[a] party may move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Rule 12(e) provides

N/A
N/A
N/A

defendants with a remedy for inadequate pleadings that fail to meet the minimum pleading standard set forth in Rule 8(a). *McQueen v. Woodstream Corp.*, 244 F.R.D. 26, 34 (D.D.C. 2007). "'[C]ourts are reluctant to compel a more definite statement pursuant to Rule 12(e) . . . [and to] prevent Rule 12(e) from becoming a substitute for discovery, courts will generally deny a motion for a more definite statement where the information sought may be obtained in discovery.'" *Feldman v. C.I.A.*, 797 F. Supp. 2d 29, 42 (D.D.C. 2011) (quoting *Hilska v. Jones,* 217 F.R.D. 16, 21 (D.D.C. 2003)). However, where relief under Rule 12(e) can remedy a complaint's indefiniteness, it is preferable to dismissal. *Hilska*, 217 F.R.D. at 25. Motions for a more definite statement are appropriate where the complaint "lacks the required specificity to enable [the] defendant to understand the precise nature of the claims against [it]." *Gilbert v. Chertoff*, 05-CV-2128, 2006 WL 2793169, at *2 (D.D.C. Sept. 28, 2006). "[S]hot-gun pleadings" alleging a variety of bad acts without factual support or clear allegation which, if any, defendants engaged in said bad acts are insufficient. *Id.*; *Hilska*, 217 F.R.D. at 25–26.

### B. Motion to Dismiss

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, allegations of fraud are subject to heightened scrutiny. A plaintiff must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). A motion to dismiss is appropriate when a complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Failure to state a claim occurs when a complaint is so factually deficient that plaintiffs' claim for relief is not plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Though facts of a complaint need not be detailed, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept all

factual statements alleged in the Complaint as true when deciding a Rule 12(b)(6) motion to dismiss. *Id.* However, conclusory legal allegations devoid of any factual support do not enjoy the same presumption of truth. *Id.* at 679. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* A complaint that tenders "naked assertions" devoid of "further factual enhancement" will not suffice. *Id.* at 557; *Ashcroft*, 556 U.S. at 678.

## III. ANALYSIS

### A. Defendants' Motions for a More Definite Statement

Defendants have asserted two primary ambiguities in plaintiffs' complaint that prevent them from responding to plaintiffs' claims.[4] First, defendants argue that the First Amended Complaint fails to identify the specific causes of action and the specific defendants alleged to have engaged in each violation. Second, defendants argue that plaintiffs have failed to disclose several unnamed parties and witnesses—both by failure to identify these individuals and failure to disclose the contents of Exhibits C and D to the First Amended Complaint.

#### 1. Failure to Distinguish Causes of Action and Defendants

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of [each] claim." Defendants are due information about the types of violations allegedly suffered by plaintiffs, facts related to the events that form the basis of their claims, which defendants committed each violation, and when such events occurred. *Chennareddy v. Dodaro*, 698 F. Supp. 2d 1, 16 (D.D.C. 2009); *Hilska*, 217 F.R.D. at 25–26. Plaintiffs must

---

[4] These items are noted in Cooper and Minton's Motion for a More Definite Statement. Mot. for More Definite Statement, ECF No. 43. Capitol Paving, Civil Construction, Neto, Anchor defendants, and the Fort Myer defendants have each adopted and joined Cooper and Minton's Motion. Mot. for More Definite Statement, ECF Nos. 44, 47, 49, 52. Thus, this opinion addresses the arguments made in Cooper and Minton's Motion and incorporates the other pending Motions by reference.

provide this information in an organized and succinct manner. A "confused and rambling narrative of charges and conclusions concerning numerous persons, organizations and agencies" does not comply with the requirements of Rule 8. *Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C. 1977). Defendants argue that the First Amended Complaint fails to satisfy this standard because it lacks specificity about plaintiffs' claims and which defendants are alleged to have engaged in the various violations.

Plaintiffs have submitted that this action is a "RICO Action," but have also included various other purported statutory violations. First Am. Compl., ECF No. 10 at 30; Plaintiffs' Motion to Amend/Correct the Civil Cover Sheet, ECF No. 23. Plaintiffs allege violation of the Sherman Antitrust Act, 15 U.S.C. § 1, the Clayton Antitrust Act, 15 U.S.C. § 12, 42 U.S.C. § 1981, "various provisions of District of Columbia code and common law," and "deprivation of guaranteed constitutional and other federal civil rights." First Am. Compl. ¶¶ 1, 5, 19, 22, 130. The First Amended Complaint, however, contains no listing of counts or causes of action and it is unclear which law forms the basis for each of plaintiffs' various claims. Additionally, plaintiffs do not specify which defendants engaged in each purported violation. As noted by Cooper and Minton, plaintiffs are not consistent in who they list as a participant in the purported RICO enterprise and several individuals are listed as multiple defendants.[5] Each individual or entity should only be listed once as a defendant. There is also little information regarding which defendants engaged in antitrust violations. The First Amended Complaint falls short of the pleading standard required by Federal Rule 8(a). Plaintiffs will be ordered to file a Motion for Leave to File a Second Amended Complaint that provides a complete list of statutory violations

---

[5] For example, Jose Rodriguez is listed as defendant #3, defendant #7, and defendant #12; Lewis Shrensky is listed as defendant #4 and defendant #11; and Francisco Rodrigues Neto is listed as defendant #2, defendant #9, and defendant #14.

alleged and which defendant(s) engaged in each violation, in an orderly, clear, and non-repetitive arrangement.

### 2. Disclosure of Unnamed Parties and Witnesses

The First Amended Complaint also lacks specificity regarding various unnamed parties and witnesses. Plaintiffs are required to identify each of the named plaintiffs and individuals involved in the purported violations so that defendants may effectively respond to the allegations in the First Amended Complaint. *Chennareddy*, 698 F. Supp. 2d at 16; *Ward v. Gates*, No. 08-2040, 2009 WL 2778206, *2–3 (D.D.C. Sept. 1, 2009). Plaintiffs refer to "known and unknown" defendants and offending witnesses in the First Amended Complaint, First Am. Compl. ¶¶ 5, 67, and unnamed plaintiffs or "other injured parties", *id.* ¶¶ 26, 12, 79. Defendants cannot adequately respond to plaintiffs' claims without some indication of at least who the "known" defendants or injured parties might be or how such persons are involved with the issues raised by plaintiffs. Vague reference to responsible parties or affected victims is simply not enough. Plaintiffs will be ordered to file a Motion for Leave to File a Second Amended Complaint that identifies all known defendants and plaintiffs and how each individual or entity named in the Second Amended Complaint and attached exhibits is involved in the violations raised by plaintiffs.[6]

Alternatively, plaintiffs have requested the Court to entertain an ex parte, in camera presentation to determine whether there is sufficient evidence describing the nature of plaintiffs' claims. Reply Mem. to Opp'n to Pls.' Mot. for Leave to Amend., ECF No. 64. The Court vehemently rejects attempts to proffer secret evidence and whisper in the Court's ear by way of

---

[6] Should plaintiffs be concerned about filing certain plaintiff or witness names on a public docket, they may seek to file their Second Amended Complaint under seal as provided by the rules of this Court. Should plaintiffs seek to file any part of the Second Amended Complaint under seal, they shall also comply with this Court's rules regarding service.

ex parte proceedings. Plaintiffs have promised that "investigative and insider evidence has been uncovered which links each defendant to unlawful activities . . . . The evidence could not have been presented before protection insures witness survival." *Id.* at 5.[7] Plaintiffs have accused defendants of an extensive fraud and conspiracy including most of the D.C. government and now attempt to deprive defendants of the chance to respond to these accusations or provide a defense. That is not how litigation proceeds in this Court. There are procedures and Court rules to address pleadings that include sensitive material and to allow a defendant to adequately respond; plaintiffs have ignored these procedures and are attempting to litigate their case in secrecy.[8]

### B. Defendants' Motions to Dismiss[9]

#### 1. Dismissal for Failure to State a Claim Under the RICO Act

Plaintiffs have submitted that this case is a "RICO Action" and have alleged that the District defendants, Council defendants, and Western Surety defendants are direct or supporting participants in a RICO enterprise. First Am. Compl. ¶¶ 48, 68, 69, 73, 83, 87. To state a claim under the RICO Act, plaintiffs must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *W. Assocs. Ltd. P'ship v. Mkt. Square Assocs.*, 235 F.3d 629, 633 (D.C. Cir. 2001). To establish a pattern of racketeering activity, plaintiffs must first allege at least two predicate criminal offenses over a ten year period, *id.*; 18 U.S.C. § 1961(5), that the predicate activities are related, and that they "amount to or pose a threat of continued criminal

---

[7]    Plaintiffs have further alleged that disclosure of certain evidence will interfere with law enforcement investigation of criminal activity. The Court disagrees with plaintiffs' assessment. The Court is confident that should plaintiffs' evidence or pleadings interfere with criminal investigations, law enforcement will advise the Court.

[8]    The Court cannot resist reminding plaintiffs that the District of Columbia is not some Star Chamber or second-rate tribunal in a banana republic.

[9]    District defendants, Council defendants, and Western Surety defendants provide multiple grounds for dismissal of plaintiffs' First Amended Complaint. The Court, however, will focus on plaintiffs' failure to state a claim under the RICO act, Sherman Antitrust Act, Clayton Antitrust Act, and 42 U.S.C. § 1981 because this is the area of greatest overlap between defendants' Motions to Dismiss.

activity," *W. Assocs. Ltd. P'ship*, 235 F.3d at 633 (citing *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989)). Additionally, plaintiffs must show "that a RICO predicate offense not only was a 'but for' cause of [their] injury, but was the proximate cause as well." *Hemi Grp., LLC v. City of New York*, 559 U.S. 1, 9 (2010) (internal quotations omitted). "Proximate cause for RICO purposes . . . requires some direct relation between the injury asserted and the injurious conduct alleged"; a "link that is too remote, purely contingent, or indirect is insufficient." *Id.* Plaintiffs, while naming a number of bad acts purportedly committed by the racketeering enterprise, fail to allege sufficiently the requisite predicate criminal activities.

Plaintiffs assert the occurrence of "death threats, actual violent acts, actual obstruction of justice, conspiracy, bribery, rigging of bids, and violation of insurance law and regulations." First. Am. Compl. ¶ 6; *see also* ¶¶ 69 (alleging bribery, election law violations), 70 (racketeering, fraud, bribery, intimidation, and acts of violence against prospective witnesses), 71 (alleging threats and obstruction of justice), 73 (alleging bribery and campaign fund fraud), 74 (alleging that "reputedly, at least one murder has occurred"), 77 (alleging death threats to Cheeks), 83, (alleging bribery and bid-rigging), 84 (same), 86 (alleging bribery), 87 (same), 100 (racketeering collaboration and bribery).[10] Plaintiffs' conclusory and "the-defendant-unlawfully-harmed-me" accusations, however, are not sufficient to comply with the requirements of Rule 8(a) or to make out a claim for a RICO enterprise. Plaintiffs' irregular inclusion of facts regarding activities of the District defendants, Council defendants, or Western Surety defendants is not sufficient to make out a claim for predicate criminal activity, much less a pattern of racketeering activity necessary for a RICO claim. Additionally, as noted above, plaintiffs do not allege sufficiently

---

[10] These paragraphs appear to be the most complete list of the District defendants' alleged RICO violations. It is unclear whether the Council or Western Surety defendants are alleged to have engaged in one or any of these predicate acts.

which defendants engaged in the listed violations. It is unclear precisely what predicate criminal activities the District defendants, Council defendants, or Western Surety defendants engaged in, if any.

Plaintiffs' RICO claims also fail to meet the heightened scrutiny requirements of Rule 9(b). Even if plaintiffs succeeded in meeting the Rule 8(a) pleadings standard, their RICO claims against the District defendants, Council defendants, and Western Surety defendants fail because plaintiffs failed to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Plaintiffs assert that defendants submitted false "non-collusion affidavits" during the contract bidding process and engaged in various types of fraud. Fraudulent predicate acts of an alleged RICO enterprise must be plead with particularity. *Brink v. XE Holding, LLC*, 910 F. Supp. 2d 242, 255 n.12 (D.D.C. 2012); *Elemary v. Philipp Holzmann A.G.*, 533 F. Supp. 2d 116, 140 (D.D.C. 2008); *Prunte v. Universal Music Grp.*, 484 F. Supp. 2d 32, 42 (D.D.C. 2007). Plaintiffs have not included facts about who engaged in the alleged fraudulent activity, when it allegedly took place, or the District defendants, Council defendants, or Western Surety defendants' part in the alleged fraud. Plaintiffs have failed to state a claim for violations of the RICO Act or a pattern of racketeering activity against the District defendants, Council defendants, or Western Surety defendants.

### 2. Dismissal for Failure to State a Claim for Antitrust Violation

Plaintiffs have also alleged violation of the Sherman Antitrust Act and the Clayton Antitrust Act. To make out a claim for antitrust violation, plaintiffs must allege joint action by two or more distinct and independent entities, by way of contract, combination or conspiracy, which unreasonably restrains interstate commerce, and which has in fact damaged plaintiffs. *Kreuzer v. Am. Acad. of Periodontology*, 735 F.2d 1479, 1485 (D.C. Cir. 1984); *Binder v.*

*District of Columbia*, No. 90-0255, 1991 WL 11255755, *2 (D.D.C May 22, 1991). Plaintiffs must allege facts to plausibly point to the illegal meeting of the minds; allegations of potential illegal conduct are not sufficient. *Twombly*, 550 U.S. at 556–57. Plaintiffs' vague and conclusory allegations of joint action or conspiracy are inadequate to state a claim for antitrust violation. Plaintiffs allege insufficient facts regarding the participants of the purported joint action, the contents of any joint action agreement or conspiracy, or when any alleged agreement took place. Additionally, with regards to the Western Surety defendants, plaintiffs' allegations are consistent with lawful conduct. Plaintiffs do not allege anything more than that the Western Surety defendants provided surety bonds—a lawful business. Plaintiffs have failed to state a claim for antitrust violations against the District defendants, Council defendants, or Western Surety defendants.

### 3. Dismissal for Failure to State a Claim Under 42 U.S.C. § 1981

Section 1981, as amended by the Civil Rights Act of 1991, prohibits racial discrimination in the "making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship." 42 U.S.C. § 1981. This prohibition "applies to all phases and incidents of the contractual relationship." *Rivers v. Roadway Express*, 511 U.S. 298, 302 (1994). To succeed in a claim under § 1981, plaintiffs must allege facts showing that "race was the reason for the defendant[s'] actions." *Brown v. Children's Nat'l Med. Ctr.*, 773 F. Supp. 2d 125, 135 (D.D.C. 2011). Plaintiffs do not allege any violation or hindrance to the contractual relationship on the basis of racial discrimination. First Am. Compl. ¶ 130. Plaintiffs' allegation that "CNA has been deprived of Civil Rights . . . and has incurred damages" is not sufficient to make out a claim under § 1981. Thus, plaintiffs'

§ 1981 claims against the District defendants, Council defendants, and Western Surety defendants will be dismissed in their entirety.

## IV. CONCLUSION

For the foregoing reasons, defendants' Unopposed Motions for Extension of Time to File a Response [ECF No. 25, 28, 29, 30, 32, 33, 34, 39, 40] and plaintiffs' Motion for an Extension of Time to File a Response [ECF No. 53] will be granted *nunc pro tunc*. Defendants' Motions to Compel [ECF No. 13, 14], plaintiffs' Motion for a Hearing [ECF No. 20], and plaintiffs' Cross-Motion for Leave to Amend and File a Second Amended Complaint [ECF No. 56] will be denied. Defendants' Motions for a More Definite Statement [ECF No. 43, 44, 47, 49, 52] will be granted, and plaintiffs will be ordered to file a Motion for Leave to File a Second Amended Complaint in accordance with the requirements noted in this Memorandum Opinion. Defendants' Motions to Dismiss Plaintiffs' First Amended Complaint [ECF No. 46, 48, 51] will be granted and plaintiffs' claims against the District defendants, Council defendants, and Western Surety defendants will be dismissed. A separate Order accompanies this Memorandum Opinion.

Signed Royce C. Lamberth, United States District Judge, on October 17, 2014.